**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

06 CV 6576

JUDGE COTE

| | |
|---|---|
| DYSON, INC., | |
| Plaintiff, | Civil Action No. 06-____ |
| v. | |
| MAYTAG CORPORATION, | |
| Defendant. | |

RECEIVED
AUG 3 1 2006
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**INTRODUCTION**

1. This action arises out of false and misleading advertising and promotion by the Maytag Corporation designed to stimulate and increase sales of its Hoover Fusion™ and Maytag Legacy™ upright vacuum cleaners at the expense of competing products distributed by plaintiff Dyson, Inc. ("Dyson"). Both Maytag and The Hoover Company ("Hoover"), a division of Maytag, are owned by Whirlpool Corporation ("Whirlpool").

2. Dyson is a U.S. distributor of Dyson branded vacuums.

3. Defendant Maytag manufactures and markets the Hoover Fusion™ ("Fusion") and Maytag Legacy™ ("Legacy") upright vacuum cleaners. These vacuum cleaners use a barrier filtration system, which consists of a combination of a bin and large central filter. Unlike the Dyson vacuums, these Maytag vacuums suffer from clogging and their suction eventually drops off as dust and dirt accumulate on the filter.

4. In an attempt to compete with Dyson's unique technology, Maytag claims on packaging and advertising for its Fusion and Legacy vacuums that the vacuums have "No Loss of Suction." This claim is literally false. Tests conducted by a leading, independent

research laboratory, at the request of Dyson, prove that the Legacy and Fusion vacuums both lose suction by about 35%. In addition, a disclaimer in a small footnote on the packaging and the products themselves implicitly acknowledges that these vacuums lose suction after only 10 ounces have entered the bins.

5. The footnote states as follows: "Suction stays constant for up to 10 ounces of dirt, as tested by an independent laboratory using the ASTM International F558 test method and dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material."

6. Hoover's Fusion vacuum was launched with the false "No Loss of Suction" claim in or around May 2006.

7. Dyson challenged the use of the claim before the National Advertising Division of the Council of Better Business Bureaus ("NAD"), the primary self-regulatory body of the advertising industry that arbitrates advertising disputes. The NAD determined in April 2006 that Hoover's claim of "No Loss of Suction" was not adequately substantiated and recommended that the claim be discontinued.

8. Maytag has refused to comply with the NAD recommendation. On August 2, 2006, the NAD issued a compliance decision citing Maytag for failing to discontinue the "No Loss of Suction" claim and referring the matter to the U.S. Federal Trade Commission ("FTC") for possible enforcement.

9. In or around May of 2006, the Legacy was launched with the "No Loss of Suction" claim and the same small footnoted disclaimer (see Paragraph 5 above) that is used with the Fusion.

10. Maytag has said it intends to add new language to advertising for the Fusion and Legacy, stating that "Vacuum Cleaner Suction Tests Do Not Represent Carpet Cleaning Ability" and that "No testing has established a correlation between suction performance and carpet cleaning ability in the home. Household results may vary." This too is false.

11. This lawsuit seeks an injunction to stop, and damages for, advertising claims that Maytag is making and intends to make about its Fusion and Legacy upright vacuum cleaners that are both false and misleading. Specifically, Dyson seeks to prevent Maytag from claiming that the Fusion and Legacy upright vacuum cleaners have "No Loss of Suction." This claim is false and injures Dyson.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1367(a).

13. Venue is proper in this judicial district pursuant to 28 U.S C. § 1391(b) because Maytag does business in this district and has engaged and is engaging in statutory violations and activities that are causing substantial injury to Dyson in this district. The vacuums at issue are sold at Home Depot and Wal-Mart stores nationwide, including in New York City and its immediate environs.

## THE PARTIES

14. Plaintiff Dyson, Inc. is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois. Dyson, Inc. distributes Dyson vacuum cleaners in the United States.

3

15.  Defendant Maytag Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Newton, Iowa. Maytag is engaged in the design, manufacture, marketing, and sale of, among other things, "Hoover" and "Maytag" brand vacuum cleaners.

16.  Maytag sells Hoover and Maytag brand vacuum cleaners in this district and throughout the United States, and Whirlpool Corporation owns both Maytag and Hoover.

17.  Both Maytag Legacy and Hoover Fusion vacuum cleaners have been purchased within New York City.

## MAYTAG'S FALSE AND MISLEADING ADVERTISING AND PROMOTIONAL MATERIALS

18.  Maytag claims "No Loss of Suction" on product packaging, its website, and on the products themselves.  (See Exhibits ("Exs.") A, B, C, D.)  A small asterisk after the word "suction" on the packaging and product leads to a miniscule disclaimer which states that "Suction stays constant for up to 10 ounces of dirt, as tested by an independent laboratory using the ASTM International F558 test method and dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material."  (See Exs. E, F.)

19.  Contrary to Maytag's bold-faced "No Loss of Suction" claim, the Fusion and Legacy do, in fact, lose suction.  This has been proven by tests conducted by a leading, independent testing laboratory.  In a test of the Legacy, IBR found that the Legacy and Fusion lose suction by about 35%.

20.  The reason for the loss of suction is because the filtration system used by Maytag allows dirt and dust to travel to the foam filter in the second chamber.  Some of the dirt and dust clogs the pores of the filter, thus reducing suction power over time.

21. In an implicit acknowledgement that the Legacy and Fusion vacuums do lose suction before their dust bins are full, Maytag has attempted to qualify the prominently displayed "No Loss of Suction" claim by means of the aforementioned footnoted disclaimer, in tiny print, which appears at the bottom of the package, where consumers are unlikely to see it or read it prior to purchase.

22. The disclaimer uses highly technical language to state that the Legacy and Fusion do not lose suction for the first 10 ounces of dust (equivalent to approximately 280 grams), as measured by a modified ASTM F558 test of suction power. The referenced ASTM test does not provide for dust loading over time, and as the NAD determined, does not correlate with consumer use of vacuum cleaners.

23. Independent testing shows that the dust bins on the Legacy and the Fusion do not reach full capacity until approximately 1200 grams of dust loading. Therefore, even crediting whatever testing Maytag may have done, Maytag concedes that it has no substantiation for the "No Loss of Suction" claim regarding the Legacy and Fusion beyond the point at which their bins are only about 15% full.

24. Few if any reasonable consumers would take away the message that the bold-faced claim "No Loss of Suction" was valid only up to the arbitrary amount of 10 ounces of dust (impossible for the consumer to quantify on his or her own). Nor would they understand that 10 ounces is equivalent to only about 15% of the machine's dust bin capacity.

25. The "No Loss of Suction" claim unambiguously communicates that the vacuum's suction power does not decrease while the consumer is using the vacuum.

Since the Legacy and Fusion both lose suction under test conditions representative of consumer use, the claim is false.

26. Maytag's current disclaimer does not cure the false and misleading claim. Rather, it contradicts it entirely.

27. Even if the disclaimer is read in conjunction with the main claim to make it literally true, the claim is nonetheless misleading because few if any consumers are likely to read and understand its literal meaning.

28. In April 2006, the NAD determined that the Fusion's "No Loss of Suction" claim was not adequately substantiated and recommended that the claim be discontinued. In explaining its decision, the NAD noted that there was an insufficient correlation between the ASTM F558 laboratory testing cited by Hoover in its disclaimer and consumer experience in the real world to support the "No Loss of Suction" claim. Specifically, the NAD explained that the limitations of the ASTM F558 test to support claims for consumer use are addressed in section 4.1 of the test's "Significance and Use," which states that ASTM F558 "test results do not indicate the actual air power present during the cleaning process due to the effects of the various tools in use and surfaces being cleaned." NAD also noted that the ASTM F558 does not support Maytag's claim because it does not provide for measuring the suction of a cleaner in a dust-loaded condition.

29. In an Advertiser's Statement accompanying the NAD decision, Maytag informed the NAD that it would comply. Nevertheless, in the subsequent months, it became clear that Maytag did not intend to comply with the NAD recommendation, as it

continued marketing the Fusion with the "No Loss of Suction" claim. Indeed, Maytag has ignored this recommendation and failed to remove this false and misleading claim.

30. Compounding the noncompliance with NAD recommendations, in or around late May 2006, Maytag launched a copycat vacuum to the Fusion, under the Maytag Legacy brand. The Legacy mimics the styling, packaging and marketing of the Fusion, and bears an identical "No Loss of Suction" claim, complete with the same fine-print disclaimer as used with the Fusion.

31. When Dyson learned of Maytag's actions with regard to the Fusion, it initiated a compliance proceeding before the NAD in May 2006, asking the NAD to take action under section 4.1 of NAD procedures. The NAD did, in fact, initiate a proceeding, and informed Dyson in August 2006 that it will refer Maytag's noncompliance with respect to the Fusion to the FTC, which may decide to take action against Maytag under Section 5 of the FTC Act, 15 U.S.C. § 45. Both the FTC and federal courts have given weight to NAD findings in subsequent proceedings, recognizing the NAD's unique expertise in evaluating and deciding advertising controversies.

32. Further compounding the non-compliance with NAD recommendations, Hoover Vice President of Marketing Dave Baker took issue with Dyson's own "No Loss of Suction" claim by stating in an interview printed in the June 26, 2006 issue of Advertising Age that "[w]e don't believe in the 'no loss of suction' claims because they have nothing to do with cleaning carpet" and that the claim "is a way to hit Dyson where they claim their superiority."

33. To further confuse matters, Maytag has said it intends to add new language to advertising for the Fusion and Legacy, stating that "Vacuum Cleaner Suction Tests Do

Not Represent Carpet Cleaning Ability" and that "No testing has established a correlation between suction performance and carpet cleaning ability in the home. Household results may vary." This language is also false and misleading.

## FIRST CAUSE OF ACTION
### (Lanham Act Violation)

34. Dyson repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35. Maytag sells the Fusion and Legacy upright vacuum cleaners in interstate commerce and is engaging in an extensive, nationwide advertising campaign in connection with the marketing of these products that employ a variety of media, including product packaging and the Internet.

36. A central message of this advertising campaign is that the Fusion and Legacy upright vacuum cleaners have "No Loss of Suction," thereby informing consumers falsely that the Maytag vacuums provide an equivalent feature to that offered by Dyson upright vacuums.

37. The "No Loss of Suction" claims made by Maytag for its Fusion and Legacy upright vacuum cleaners are false and misleading and misrepresent the nature, characteristics or qualities of Maytag's product. Upon information and belief, the claims are likely to deceive or confuse a substantial segment of the buying public and, in fact, have actually deceived or confused a substantial segment of the buying public. Moreover, the claims have influenced or are likely to influence the buying public's purchasing decisions. This deceptive conduct by Maytag is and has been deliberate and has injured and continues to injure consumers.

38. The Fusion and Legacy upright vacuum cleaners do, in fact, suffer from a loss in suction, and Maytag knows or should know that to be so. Maytag also knows or should know that the claims it is making about the Fusion and Legacy are false and misleading.

39. Maytag's advertising of its Fusion and Legacy upright vacuum cleaners, as described above, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Dyson has been and continues to be damaged by Maytag's false advertising of the Fusion and Legacy, including by direct diversion of sales from itself to Maytag and the lessening of goodwill which Dyson's products enjoy among the buying public in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (New York General Business Law §§ 349 and 350)

41. Dyson repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42. Maytag's false and misleading claims in its advertising of the Fusion and Legacy upright vacuum cleaners, as set forth above, were and are being disseminated nationwide, including in this state.

43. Maytag knew or should have known that its claims were and are false and misleading. Moreover, Maytag made and continues to make these claims with reckless indifference to the rights of others and/or in intentional and wanton violation of those rights.

44. Maytag's false and misleading claims constitute unlawful deceptive acts and practices and unlawful false advertising.

45. As set forth above, Maytag's false advertisements for the Fusion and Legacy have caused and are causing substantial injury to Dyson through the ascertainable loss of money or property.

46. Maytag's conduct in the advertisement of the Fusion and Legacy constitutes a violation of New York General Business Law §§ 349 and 350.

## PRAYER FOR RELIEF

WHEREFORE, Dyson respectfully requests that the Court enter judgment as follows:

A. An Order preliminarily enjoining Maytag from disseminating or causing the dissemination of the "No Loss of Suction" claims in any packaging, advertising, promotional activities, or other promotional materials for its Fusion and Legacy upright vacuum cleaners;

B. An Order adjudging that Maytag violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and §§ 349 and 350 of the New York General Business Law;

C. On the First Cause of Action, an Order directing an accounting by Maytag of their gains, profits, savings, and advantages realized by reason of its false advertising, awarding Dyson damages as allowed by law, and trebling Dyson's recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

D. On the Second Cause of Action, an Order directing an accounting by Maytag of their gains, profits, savings, and advantages realized by reason of its false advertising and awarding Dyson statutory, treble, and any other applicable damages as allowed by law pursuant to New York General Business Law §§ 349 and 350;

E.  An Order permanently enjoining Maytag from making "No Loss of Suction" claims in any packaging, advertising, or other promotional materials for Fusion and Legacy upright vacuum cleaners;

F.  An Order on preliminary injunction requiring Maytag to remove or cover by sticker on all packaging for the Fusion and Legacy its "No Loss of Suction" claim and any applicable disclaimers;

G.  An Order granting Dyson its costs and disbursements in this action, including its reasonable attorneys' fees; and

H.  An Order granting Dyson such other and further relief as this Court may deem just and proper.

PLAINTIFF DYSON, INC.

Gregory A. Clarick, Esq. (GAC5898)
Christopher A. Cole, Esq.
Steven F. Reich, Esq. (SFR0723)
Gregory W. Fortsch, Esq.
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
Telephone:  (212) 790-4500
Facsimile:  (212) 790-4545
gclarick@manatt.com
ccole@manatt.com
sreich@manatt.com
gfortsch@manatt.com

30190011.8

# Exhibit A



**Adjustable Handle Height**

**Fingertip On/Off Control**

**NO LOSS OF SUCTION\***

**32' Cleaning Reach**

**E-Z Empty™ Dirt Cup**

**Pet Hair Cleaning Tool**

**Cyclonic Filtration System**

**No Filters To Replace**

**On-Board Cleaning Tools**

**Extension Wands**

**15" Widepath Nozzle**

**E-Z Access™ Belt Change**



# Exhibit B





# MAYTAG

## *Legacy* Series
### Cyclonic Filtration

**NO LOSS OF SUCTION***

**Fingertip On/Off Control**
No pedals to maneuver. Turn off and on with the flip of a finger.

**Adjustable Handle Height**
Varying heights for convenient use and storage.

**38' Total Cleaning Reach**
Extra-long 24' power cord and 14' of stretch hose and extension wands allow you to vacuum several rooms without stopping.

**E-Z Empty™ Dirt Cup**
No bags. No mess. Empties from the bottom.

**Pet Hair Cleaning Tool**
Picks up pet hair from stairs and upholstery.

**Cyclonic Filtration System**
Helps remove common allergens from your home.

**No Filters To Replace**
Lasts the lifetime of the vacuum. Easy to remove and clean.

**Onboard Cleaning Tools**
Clean every corner of the house with these convenient tools.
• Pet Hair Cleaning Tool
• Three Extension Wands
• Crevice Tool
• Dusting Brush

**Extension Wands**
Three extension wands provide more than 14' of reach with the stretch hose for cleaning ceiling corners and around high windows.

**E-Z Access™ Belt Change**

**15" Widepath™ Nozzle**

# Exhibit C



# Exhibit D





□ **Home** □ **Products** □ **Customer Service** □ **Innovations** □ **About Us** □ **Shop**

| UPRIGHTS ▾ | DEEP CLEANERS ▾ | HARD FLOOR CLEANERS ▾ | CANISTERS ▾ | SPECIALTY ▾ | CENTRAL VAC. ▾ | COMMERCIAL ▾ | CLEANING |

### BAGLESS FILTRATION UPRIGHTS:

» Elite™ Rewind™ Upright Bagless

» Fold Away™ Widepath™
  U5172900
  U5175900

» Fusion™ Cyclonic Bagless Upright

» Hoover EmPower™
  U5262910
  U5265900
  U5268970
  U5269900

» Hoover Z™ Bagless Upright
  U9125900
  U9145900

» Savvy™
  U8174900
  U8181900

» Self Propelled WindTunnel™ Bagless
  U6630900
  U6634900

» WindTunnel™ 2 Bagless
  U8341900
  U8351900

» WindTunnel™ 2 Complete Bagless

» WindTunnel™ 2 Surface Command™ Bagless

» WindTunnel™ 2 Bagless Upright

» WindTunnel™ Bagless Upright
  U5753900
  U5760900

[ PREV. ]   [ NEXT ]



Model number: U5180900

# Fusion™ Cyclonic Bagless Upright

- Cyclonic technology offers powerful cleaning with no loss of suction* *Vacuum Cleaner Suction Tests Do Not Represent Carpet Cleaning Ability**
- Super-powerful cyclonic air movement - spins dirt and dust away
- No filters to replace - permanent washable filters last the life of your vacuum
- Adjustable Handle height - telescoping handle adjusts to varying heights for convenient use and storage
- 32' Cleaning Reach - with a 24' power cord and a 8' stretch hose, you can vacuum several rooms without having to reposition the power plug
- On-board tool set included - everything you need to reach every corner of the house - including a pet hair cleaning tool, two 14" extension wands, crevice tool and dusting brush for delicate surfaces
- Powered hand tool - brings power right to the spot you're cleaning - like stairs and upholstery
- E-Z Access™ Belt Change
- No filters to replace - no need to buy or replace filters, ever. Simply remove, clean and use again
- Extension wands - two extension wands provide more than 10' of reach with the stretch hose for cleaning ceiling corners and around high windows
- 15" Widepath™ Nozzle - one of the widest cleaning paths available, so you'll finish the job faster
- Available exclusively at Wal-Mart
- *** Suction stays constant for up to 10 ounces of dirt using a dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material. No testing has established a correlation between suction performance and carpet cleaning ability in the home. Household results may vary.

▶ COM
▶ USER
▶ QUIC
▶ FAQ

• Broc

» Copyright Notice  » Contact Us          » Product Safety Recall  » Site Index  » Search  » Service / Parts Locator          » Privacy Policy  » Te

a division of **MAYTAG**

© 1998-2006 The HOOVER Company. All rights reserved.


GO

# Exhibit E

Suction stays constant for up to 10 ounces of dirt as tested by an independent laboratory using ASTM F558 test method and a dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material.

# Exhibit F

c **UL** us

**LISTED**

"Suction stays constant for up to 10 ounces of dirt, as tested by an independent laboratory using the ASTM International F558 test method and a dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material.