IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., | ) | |
| | ) | |
|       Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-654-GMS |
| | ) | |
| MAYTAG CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|       Defendant. | ) | |

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES**

    Now comes Defendant, Maytag Corporation ("Maytag"), by and through its undersigned counsel, and advances the following Answer and Affirmative Defenses to the Complaint filed herein.

**ANSWER**

**INTRODUCTION**

    1.    Maytag denies the allegations set forth in paragraph 1 of the Complaint, except admits that both Maytag and The Hoover Company are owned by Whirlpool Corporation.

    2.    Maytag is without information as to the truthfulness of the allegation set forth in paragraph 2 of the Complaint.

    3.    Maytag denies the allegations set forth in paragraph 3 of the Complaint, except admits that Maytag manufactures and markets the Hoover Fusion™ ("Fusion") and the Maytag Legacy™ ("Legacy") upright vacuum cleaners.

    4.    Maytag denies the allegations set forth in paragraph 4 of the Complaint.

    5.    Maytag denies the allegations set forth in paragraph 5 of the Complaint and avers

that the product packaging speaks for itself.

6. Maytag denies the allegations set forth in paragraph 6 of the Complaint.

7. Maytag denies the allegations set forth in paragraph 7 of the Complaint and respectfully refers to the NAD opinion that speaks for itself.

8. Maytag denies the allegations set forth in paragraph 8 of the Complaint.

9. Maytag denies the allegations set forth in paragraph 9 of the Complaint.

10. Maytag denies the allegations set forth in paragraph 10 of the Complaint, except admits that it has and intends to add new language to advertising for the Fusion and Legacy, stating that "Vacuum Cleaner Suction Tests Do Not Represent Carpet Cleaning Ability" and that "No testing has established a correlation between suction performance and carpet cleaning ability in the home.  Household results may vary."

11. Maytag denies the allegations set forth in paragraph 11 of the Complaint, except admits that Dyson seeks to prevent Maytag from claiming that the Fusion and Legacy upright vacuum cleaners have "No Loss of Suction."

**JURISDICTION AND VENUE**

12. Maytag admits the allegations set forth in paragraph 12 of the Complaint.

13. Maytag denies the allegations set forth in paragraph 13 of the Complaint, except admits that it does business in this district, and that the vacuums at issue are sold at Home Depot and Wal-Mart stores nationwide.

## THE PARTIES

14. Maytag is without information as to the truthfulness of the allegations set forth in paragraph 14 of the Complaint.

15. Maytag denies the allegations set forth in paragraph 15 of the Complaint, except admits that Maytag is a corporation organized and existing under the laws of the State of Delaware and is engaged in the design, manufacture, marketing, and sale of, among other things, "Hoover" and "Maytag" brand vacuum cleaners.

16. Maytag admits the allegations set forth in paragraph 16 of the Complaint.

17. Maytag admits the allegations set forth in paragraph 17 of the Complaint.

## MAYTAG'S FALSE AND MISLEADING
## ADVERTISING AND PROMOTIONAL MATERIALS

18. Maytag denies the allegations set forth in paragraph 18 of the Complaint, except admits that it claims "No Loss of Suction" on product packaging, its website, and on the products themselves.

19. Maytag denies the allegations set forth in paragraph 19 of the Complaint.

20. Maytag denies the allegations set forth in paragraph 20 of the Complaint.

21. Maytag denies the allegations set forth in paragraph 21 of the Complaint.

22. Maytag denies the allegations set forth in paragraph 22 of the Complaint.

23. Maytag denies the allegations set forth in paragraph 23 of the Complaint.

24. Maytag denies the allegations set forth in paragraph 24 of the Complaint.

25. Maytag denies the allegations set forth in paragraph 25 of the Complaint.

26. Maytag denies the allegations set forth in paragraph 26 of the Complaint.

27. Maytag denies the allegations set forth in paragraph 27 of the Complaint.

28. Maytag denies the allegations set forth in paragraph 28 of the Complaint, and respectfully refers to the NAD opinion that speaks for itself.

29. Maytag denies the allegations set forth in paragraph 29 of the Complaint, and respectfully refers to the NAD opinion that speaks for itself.

30. Maytag denies the allegations set forth in paragraph 30 of the Complaint.

31. Maytag is without information as to the truthfulness of the allegations set forth in paragraph 31 of the Complaint.

32. Maytag denies the allegations set forth in paragraph 32 of the Complaint.

33. Maytag denies the allegations set forth in paragraph 33 of the Complaint.

### FIRST CAUSE OF ACTION
### (Lanham Act Violation)

34. Maytag repeats the answers set forth in paragraphs 1-33 above, as though fully set forth in this paragraph.

35. Maytag denies the allegations set forth in paragraph 35 of the Complaint, except admits that it sells the Fusion and the Legacy upright vacuum cleaners in interstate commerce.

36. Maytag denies the allegations set forth in paragraph 36 of the Complaint.

37. Maytag denies the allegations set forth in paragraph 37 of the Complaint.

38. Maytag denies the allegations set forth in paragraph 38 of the Complaint.

39. Maytag denies the allegations set forth in paragraph 39 of the Complaint.

40. Maytag denies the allegations set forth in paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION
## (New York General Business Law §§ 349 and 350)

41. Maytag repeats the answers set forth in paragraphs 34-40 above, as though fully set forth in this paragraph.

42. Maytag denies the allegations set forth in paragraph 42 of the Complaint.

43. Maytag denies the allegations set forth in paragraph 43 of the Complaint.

44. Maytag denies the allegations set forth in paragraph 44 of the Complaint.

45. Maytag denies the allegations set forth in paragraph 45 of the Complaint.

46. Maytag denies the allegations set forth in paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Dyson has not been damaged by Maytag's advertisements hereunder.

5. Maytag's "No Loss of Suction" claim is adequately qualified and substantiated.

    Respectfully submitted,

    s/ Francis DiGiovanni
    Francis DiGiovanni
    CONNOLLY BOVE LODGE & HUTZ LLP
    The Nemours Building
    1007 N. Orange Street
    Wilmington, DE 19899
    Phone (302) 658-9141
    Facsimile (302) 658-5614

    Kimball R. Anderson
    Stephen P. Durchslag
    Ronald Y. Rothstein
    WINSTON & STRAWN
    35 West Wacker Drive
    Chicago, Illinois 60601-9703
    Phone (312) 558-5600
    Facsimile (312) 558-5700

    Attorneys for Defendant Maytag Corporation

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on November 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on November 6, 2006, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

>Garrard R. Beeney
>Richard C. Pepperman, II
>James T. Williams
>Keith McKenna
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY 10004

>Steven F. Reich
>Jeffrey S. Edelson
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 N. Orange Street
>Wilmington, DE  19899
>Phone (302) 658-9141

498199_1