IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-654-GMS |
| | ) | |
| MAYTAG CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND STATEMENT PURSUANT TO LR 82.1

The parties jointly submit this Report pursuant to Local Rule 81.2, which requires the parties

to submit a statement identifying all pending matters that require judicial attention.

## I.    INTRODUCTION

This action was transferred to this Court by the United States District Court for the Southern

District of New York pursuant to the Opinion and Order dated October 11, 2006 (attached as Exhibit

A hereto).  The case involves false advertising claims brought by Dyson against Maytag due to

Maytag's "No Loss of Suction" advertising.  Dyson has previously advised the Clerk of the Court

that this action qualifies, under Local Rule 3.1(b)(2), as a related action to *Dyson Technology Ltd. v.*

*Maytag Corp.*, C.A. No. 05-434-GMS, because this action involves some of the same parties.  *See*

D.I. 35.  In addition, the transferring judge, in the transfer opinion, acknowledged that this action

was related to C.A. No. 05-434-GMS (*see* Exhibit A at 1), and the parties concur that the actions are

related.

The parties agree that two pending matters require judicial attention:  (A) scheduling of this

transferred case, the status of this action vis-à-vis C.A. No. 05-434-GMS, and whether to consolidate

this action for trial with C.A. No. 05-434-GMS; and (B) scheduling of Dyson's pending motion for

preliminary injunction (which was filed in this case while it was pending in the transferor court, and

the transferor judge had set certain deadlines and dates, including a preliminary injunction hearing date).

The parties disagree to a significant degree with regard to these issues, and their positions are respectfully set forth below.  Should the Court prefer that these issues be addressed by a different mechanism, whether by motion, in connection with a Scheduling Conference, or in some other fashion, the parties would be pleased to do so.

## II.    PENDING MATTERS THAT REQUIRE JUDICIAL ATTENTION

### A.    Scheduling Order / Consolidation With C.A. No. 05-434-GMS

#### 1.    Dyson's Position

Dyson brought this case after litigating and prevailing on the same claims before the National Advertising Division of the Council of the Better Business Bureaus (the "NAD") in New York. Transfer Order at 2 (Exh. A); Complaint ¶ 7-8, 28 (D.I. 26); the NAD is a voluntary advertising dispute resolution forum designed to prompt adjudications and to lessen the burden on the Courts. Maytag initially indicated it would comply with the NAD's adverse decision last spring, but later refused, id. ¶ 29-31, thereby prompting this action.

Dyson respectfully submits that the two actions should be consolidated for all purposes and tried at the same time as C.A. No. 05-434-GMS.  For example, the judge assigned to this case in the Southern District of New York, the Honorable Denise Cote, set a merits discovery designed to track the schedule in C.A. No. 05-434-GMS, so as to facilitate consolidation if the case were transferred. Transfer Order at 2 ("With the parties' consent, discovery taken in either the Delaware or New York action is admissible in the other litigation, and the New York schedule for merits discovery will track the Delaware schedule.").  As a result, Dyson has been preparing as if discovery would close on December 4, 2006, at the same time as C.A. No. 05-434-GMS.

Moreover, in supporting its motion to transfer, Maytag argued that "the overlap of potential witnesses and issues regarding product testing, industry standards, and advertising between this case and the Delaware Lawsuit supports transfer" and that "consolidation of the two actions would simplify discovery, save the witnesses and parties time and money, and alleviate the risk of inconsistent judgments." Maytag further noted that "the witnesses are already scheduled, and willing, to testify in Delaware," and that "witnesses can be saved time and money, both with respect to pretrial and trial proceedings." Because the parties had agreed before transfer to share discovery in the two cases and to take discovery on the same track, there are little or no efficiencies or likelihood of alleviating the risk of inconsistent judgments unless the two cases are consolidated for trial.

Dyson did argue against Maytag's position, but Judge Cote agreed with Maytag and concluded that this action presents claims that "are largely a mirror image" of Maytag's previously pending claims against Dyson in this Court. Judge Cote further noted that "[w]hile it remains to be seen whether the claims are properly consolidated for trial, at this point it would seem likely that that would be done if the claims were pending before the same judicial officer." Exh. A at 5.

In light of Maytag's arguments in favor of transferring the case to Delaware, Dyson therefore requests that the transferred action be consolidated for all purposes with C.A. No. 05-434-GMS. Dyson understands that Maytag wants a separate trial track for the transferred action because it wants to explore Dyson's own "no loss of suction" advertising claims and file a summary judgment motion. These advertising claims, however, are the subject of Maytag's counterclaims in C.A. No. 05-434-GMS, and those claims have been fully discovered in the original Delaware action. Moreover, it is not clear why either party should be permitted to request permission to file summary judgment motions after their prior mutual agreement in C.A. No. 05-434-GMS that summary

judgment was inappropriate. Dyson's proposed form of order reflecting a common schedule for the two actions is attached as Exhibit B.

### 2.    Maytag's Position

This case—which is separate from the NAD proceedings and was filed in the S.D.N.Y. to avoid this Court—should be maintained as a related case to C.A. No. 05-434-GMS, such that the parties do not undertake duplicative discovery and common matters can be coordinated, but the cases should not be consolidated for trial. Maytag's proposed form of scheduling order for this case is attached as Exhibit C. Maytag has several reasons for its position.

First, no discovery has been taken in this new case—no written discovery or depositions, not even the exchange of initial Rule 26 disclosures. A schedule for "merits discovery" was not set by Judge Cote; Judge Cote merely set an abbreviated discovery phase "for the preliminary injunction hearing." *See* Exhibit D at 1. While certain issues in this case overlap those in C.A. No. 05-434-GMS, numerous other issues are simply not present in C.A. No. 05-434-GMS and thus no discovery has been taken on those issues. For example, the issues of Dyson's alleged harm and damages, and Dyson's consumer survey regarding Hoover's advertising, have not been subject to discovery in C.A. No. 05-434-GMS because they are not at issue. Dyson has acknowledged (to the New York court in connection with the motion to transfer) that "the degree of overlap between that case and the one pending here is not substantial." Dyson Answ. Br. at 3 (D.I. 25 at document 46).

Moreover, for the overlapping discovery that has been taken in C.A. No. 05-434-GMS, Dyson's attorneys have been clear that additional discovery—including re-deposition of witnesses already deposed—would be required for this transferred case. An example of this occurred two weeks ago at a deposition of a Maytag executive:

> Q [by Dyson's counsel]: And I'm not here to ask you any questions relating to the second case, the case brought by Dyson against Hoover and Maytag relating to the Fusion, specifically the false advertising case regarding the loss of suction. I just

> wanted to let you know that.  There may be questions that overlap, but my purpose here today is to ask you about the counterclaims that were brought by Maytag against Dyson [in C.A. No. 05-434-GMS].

Boyer Dep. Tr. at 173 (Exhibit E hereto).  Accordingly, significant discovery will be needed, and there is no possible way that it can be accomplished by December 4, 2006, the fact discovery cut-off date in C.A. No. 05-434-GMS.

Second, it was <u>Dyson</u> who delayed in bringing suit on Maytag's "no loss of suction" advertising claims.  Dyson intentionally did not bring its claims against Maytag at the outset of C.A. No. 05-434-GMS, and Maytag should not now have to suffer a compressed case schedule due to Dyson's strategy decision.  Instead of filing its advertising claims in mid-2005 in this Court, Dyson waited until August 31, 2006, and then filed the case in New York.  A consolidation of the two cases for trial would cause Dyson to benefit from its delay and improper forum shopping, to the detriment of Maytag.

Third, Maytag seeks the opportunity to file a summary judgment motion in this case based on the lack of supporting facts and the extreme weakness of Dyson's allegations.  Dyson's entire case seems to be premised on the highly dubious notion that the pertinent qualifiers to Maytag's "no loss of suction" claim should be disregarded.  Further, Maytag submits that its current "no loss of suction" claim complies in all respects with the reasoning underlying the NAD's decisions, which decisions are inadmissible in this case in any event because they are not entitled to any *res judicata* or collateral estoppel effect.  Thus, Maytag submits that Dyson's claims are vulnerable to summary dismissal and yet the current schedule for C.A. No. 05-434-GMS does not allow for submission of summary judgment motions.

Dyson has previously recognized that consolidation is not practical.  Dyson conceded to the New York court that: "As Maytag asserts it needs discovery to defend against the preliminary injunction motion, consolidation would cause serious disruption to the Delaware court's pretrial

schedule and possibly also its already calendared trial date." *See* Exhibit F hereto at 2 (9-13-06 letter). Maytag stands by its position that this Court, because it is presiding over C.A. No. 05-434-GMS, is best situated to preside over the instant case. However, Maytag will be significantly prejudiced if this transferred case is compressed so as to require discovery completion by December 4th, no summary judgment filings, and a trial consolidated with C.A. No. 05-434-GMS in May 2007. Accordingly, Maytag asks the Court to enter a scheduling order in the form of Exhibit C hereto.

### B.    Dyson's Pending Preliminary Injunction Motion

The second issue that requires judicial attention at this time is the motion for preliminary injunction filed by Dyson before the transfer order.

#### 1.    Dyson's Position

Judge Cote entered a scheduling order setting deadlines for discovery, briefing, and a hearing in connection with Dyson's motion for a preliminary injunction, which Dyson brought following Maytag's change of heart in its desire to abide by the NAD's decision. Maytag objected to scheduling the preliminary injunction proceedings, but Judge Cote overruled these objections. Under this schedule, the opening and answering preliminary briefs "to aid in the framing of issues" have been filed, and the parties are now completing the contemplated discovery. The order sets a final prehearing conference for December 15, 2006 at 9 a.m., and a preliminary injunction hearing (including live testimony) for December 18, 2006 at 9:30 a.m. Judge Cote's order is attached as Exhibit D.

Dyson recognizes that Your Honor's procedures likely differ from Judge Cote's procedures in connection with preliminary injunction proceedings and the matters discussed in the scheduling order, and that Your Honor likely already has other events scheduled for the dates set in Judge Cote's order. Dyson therefore seeks guidance from the Court as to how Your Honor desires to hear the motion and what papers it desires to be filed in connection with the motion. In the meantime,

Dyson respectfully submits that the parties should complete the discovery requested by Maytag in connection with the motion under the more than adequate two-month discovery schedule set by Judge Cote.[1]

## 2.     Maytag's Position

As it did in C.A. No. 05-434-GMS, Dyson filed a motion for preliminary injunction in the instant transferred case.  Judge Cote held a scheduling conference and set forth, based on her usual practice for preliminary injunction motions, a schedule of dates for a series of events and filings for the preliminary injunction hearing:  preliminary briefs; proposed findings of fact and conclusions of law; detailed witness affidavits (on which the witnesses would be cross-examined at the hearing); deposition excepts and one-page synopses of any deposition testimony to be offered as part of the preliminary injunction hearing; memoranda of law; reply memoranda of law; a set of hearing exhibits organized in folders and binders; witness lists for the hearing; final pre-hearing conference (Dec. 15, 2006); preliminary injunction hearing (December 18, 2006).  *See* Exhibit D.

Maytag brings this to the Court's attention because it is Maytag's understanding that the Court does not typically seek these types of intricate and multiple filings as part of a preliminary injunction filing.  Maytag thus asks the Court to implement the Court's typical procedure for a preliminary injunction motion, in lieu of Judge Cote's detailed, trial-like procedure.  Specifically, Maytag asks that the Court enter a Scheduling Order requiring briefing as described in the Local Rules.  In that regard, Maytag has not yet filed its answering brief.  While Maytag has made a preliminary filing "to assist in framing the issues," as expressed by Judge Cote and as confirmed by Dyson (see Exhibit G, correspondence confirming that Dyson "agreed that Dyson will not take the

---

[1]     With regard to Maytag's comments on the need for a hearing, we want to note our strenuous disagreement, but do not understand Your Honor to be seeking comments on the merits of the motion at this time and therefore will make our substantive response in the appropriate forum.

position that the brief [served October 13th, and subsequently filed with this Court] constitutes, or should be deemed, the entirety of Maytag's response or opposition to Dyson's motion"), Maytag's substantive answering brief is not yet due.  As set forth in Maytag's proposed schedule, Maytag seeks a date of December 22nd for submission of its preliminary injunction answering brief.  (This is only two weeks after the December 8th date that Judge Cote set for submission of memoranda of law and proposed findings of fact and conclusions of law.)  Maytag seeks this date due to the significant deposition activity that is currently taking place and will continue to take place through December 3, the close of fact discovery in C.A. No. 05-434-GMS.  With regard to a hearing on Dyson's latest preliminary injunction motion, Maytag suggests that an evidentiary hearing is unnecessary, particularly in view of the fact that Maytag has been making a qualified "no loss of suction" claim since the summer of 2005, and thus should only be held should the Court so Order.

*    *    *

The parties are available at the convenience of the Court, in person or by telephone, to answer any questions Your Honor might have or to discuss scheduling.

Respectfully Submitted this 22nd day of November, 2006, by:

| /s/ John W. Shaw | /s/ Francis DiGiovanni |
|---|---|
| C. Barr Flinn (#4092) | Francis DiGiovanni (#3189) |
| John W. Shaw (#3362) | CONNOLLY BOVE LODGE & HUTZ LLP |
| YOUNG CONAWAY STARGATT & | The Nemours Building – 8th Floor |
| TAYLOR, LLP | 1007 N. Orange Street |
| The Brandywine Building, 17th Floor | Wilmington, Delaware 19801 |
| 1000 West Street | (302) 658-9141 |
| Wilmington, Delaware  19801 | fdigiovanni@cblh.com |
| (302) 571-6000 | |
| jshaw@ycst.com | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiff* | |

501146_1

# EXHIBIT
# A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
DYSON, INC.,                             :    06 CIV. 6576 (DLC)
                                         :
                    Plaintiff,           :    OPINION & ORDER
                                         :
          -v-                            :
                                         :
MAYTAG CORPORATION,                      :
                                         :
                    Defendant.           :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

Defendant Maytag Corporation ("Maytag") has moved to transfer this lawsuit to the District of Delaware, where related patent and Lanham Act litigation between these same parties has been pending since 2005. Pursuant to 28 U.S.C. § 1404, this motion to transfer is granted.

## Background

Dyson, Inc. ("Dyson") filed a patent infringement action against Maytag in June 2005, in the District of Delaware, based on Maytag's Hoover Fusion brand vacuum cleaner (the "Fusion"). In August 2005, Maytag filed counterclaims against Dyson pursuant to the Lanham Act, asserting that Dyson had made false and misleading advertising claims about the suction powers of its vacuums, among other things. Document discovery in that litigation is scheduled to close later this year; the District Judge in Delaware has already construed the patent claims for the parties.

On August 31, 2006, Dyson filed this Lanham Act lawsuit,

alleging that Maytag has made false advertising claims concerning the suction power of the Fusion and the Maytag Legacy vacuums. A preliminary injunction hearing is scheduled for December 18, 2006. With the parties' consent, discovery taken in either the Delaware or New York action is admissible in the other litigation, and the New York schedule for merits discovery will track the Delaware schedule.

These two lawsuits are not the only litigation that has been ongoing between these parties about the suction power of their vacuums. Before Dyson filed its patent action in Delaware, Maytag had filed a claim before the National Advertising Division of the Council of Better Business Bureaus ("NAD") about Dyson's advertising. Maytag discontinued the challenge after being sued in Delaware, and filed its Lanham Act counterclaims within the patent action. In contrast, after filing its lawsuit in Delaware, Dyson filed its own NAD claim against Maytag. In April and August 2006, the NAD issued rulings critical of Maytag. Dyson filed this action after obtaining the second of those rulings.

Neither party has any special connection to New York. They are incorporated elsewhere and have their principal places of business elsewhere. Neither party has identified a witness that resides in New York. The testing programs that are at issue here were undertaken in laboratories outside New York. Even the advertising campaigns that are at issue followed decisions made in business locations outside of New York.

## Discussion

The standard for a motion to transfer pursuant to 28 U.S.C. § 1404 is well established. Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); see also Int'l Bus. Mach. Corp. v. Fair Isaac Corp., 05 Civ. 10296 (DLC), 2006 WL 726034, at *1-2 (Mar. 23, 2006). The movant bears the burden of establishing that transfer is warranted. Fair Isaac, 2006 WL 726034, at *1. If the transferee court also has jurisdiction over the case, the Court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. The factors a court considers in making that determination include

(1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998). A court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that

3

the balance of convenience favors defendants' choice." Id. at 656.

Most of the Section 1404 factors may be quickly assessed. New York has no connection to the operative facts. Retaining the litigation in New York or transferring it to Delaware will have no impact on the availability of process to compel the attendance of witnesses. The parties, each of whom is a substantial corporation, are equally able to litigate the litigation in New York or Delaware. Access to documents will not be affected by retaining or transferring the litigation. Both fora are familiar with the governing law.

The witnesses for this litigation have no connection to either New York or Delaware. While New York may be slightly more convenient to witnesses because it is a major travel hub, the court in Delaware is close to its own major airport, the Philadelphia airport. Moreover, most of the witnesses who will need to travel to trial for this litigation will also have to travel to Delaware for the patent and Lanham Act litigation that is ongoing there. From that perspective, it will be far more convenient for those witnesses to have this litigation transferred to Delaware because there is a possibility that the litigation will be consolidated for trial, and that only one trip to provide testimony will be necessary.

Despite Dyson's protests, Delaware is a more convenient forum for all of the parties because of the ongoing related litigation. Dyson chose Delaware as the forum for its patent

4

litigation over vacuums and is hard pressed now to explain why Delaware would be an inconvenient forum for its Lanham Act claims.

Issues of trial efficiency and the interests of justice strongly favor a transfer to Delaware. The Delaware court is already addressing Maytag's Lanham Act vacuum claims, and the claims Dyson brings in this lawsuit are largely a mirror image of the Lanham Act Delaware litigation. It would be a profound waste of judicial and party resources to conduct two trials where one could suffice. While it remains to be seen whether the claims are properly consolidated for trial, at this point it would seem highly likely that that would be done if the claims were pending before the same judicial officer. If this lawsuit is transferred, the Delaware court may assess the issue of consolidation at the appropriate time.

In sum, each of these factors is neutral regarding a transfer or favors a transfer. While a plaintiff's choice of forum is usually entitled to considerable weight, and should not be disturbed unless the balance of factors weighs strongly in favor of the defendant, this is not the usual case. Dyson itself filed the related litigation in Delaware, which has been ongoing there for over a year. Maytag has shown that in these circumstances, Dyson's prior choice of Delaware as a forum trumps its more recent choice of New York for related litigation.

## Conclusion

The motion by Maytag Corporation to transfer this lawsuit to the District of Delaware is granted.

SO ORDERED:

Dated:   New York, New York
         October 11, 2006

DENISE COTE
United States District Judge

6

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC, )
                              )
                Plaintiffs, )
                              )
      v. )      Civil Action No. 05-434-GMS
                              )
MAYTAG CORPORATION, )
                              )
               Defendant. )
DYSON, INC, )
                              )
                Plaintiff, )
                              )
      v. )      Civil Action No. 06-654-GMS
                              )
MAYTAG CORPORATION, )
                              )
               Defendant. )

**<u>SCHEDULING ORDER</u>**

WHEREAS, the Court having determined that Civil Action No. 06-654-GMS should

proceed on the same schedule as Civil Action 05-434-GMS,

IT IS HEREBY ORDERED that:

1.     **<u>Rule 26(a) Initial Disclosures.</u>**  The parties have made their initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a).

2.     **<u>Discovery.</u>**

     a.     **<u>Fact Discovery Deadlines.</u>** All written discovery in this case shall be

completed on or before November 4, 2006.  All depositions of fact witnesses must be completed

no later than December 4, 2006.

   b.  **Depositions.**  Each side may take up to 15 depositions, not including depositions of persons designated as experts.

   c.  **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the parties shall file with the Court, via electronic means (CM/ECF), a joint, non-argumentative letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this Court's website at www.ded.uscourts.gov.  Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

   d.  **Expert Reports.**  Opening expert reports on issues for which a party bears the burden of proof shall be served on or before December 11, 2006.  Responsive expert reports shall be served on opposing counsel on or before January 8, 2007.  The last day for depositions of all experts shall be February 12, 2007.

   3.  **Summary Judgment Motions.**  The parties have agreed, and the Court has previously ordered, that the parties will not file summary judgment motions in Civil Action No. 05-434-GMS.  In Civil Action No. 06-654-GMS, Dyson does not plan to file any summary judgment motion.  If Maytag desires to file a summary judgment motion in Civil Action No. 06-654-GMS, Maytag must receive approval from the Court after the submission and consideration

of letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than December 18, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than December 28, 2006.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before January 5, 2007.  The Court shall hold a Status Conference to hear argument by teleconference to determine whether the filing of any motion will be permitted on January __, 2007 at _____ _.m; Maytag shall initiate the teleconference.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the date set forth in this paragraph 8.**  Should the Court grant permission to file a summary judgment motion, that motion and the opening brief and affidavits in support thereof shall be served and filed within two (2) weeks of the Court's ruling on the summary judgment letter briefs as set forth above.  Briefing will be presented pursuant to the Court's Local Rules.

4.    **Preliminary Injunction Motion.**  The Court shall hear Dyson's preliminary injunction motion on _____.  The parties shall otherwise follow the preliminary injunction schedule set by Judge Cote.

5.    **Extensions of Time.**  Any requests for extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or the request will be denied.

6.    **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7.       **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

8.       **Pretrial Conference.**  On May 1, 2007, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Proposed Pretrial Order (a sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs shall forward to defendant a draft of the pretrial order containing the information plaintiffs propose to include in the draft, proposed jury instructions, proposed voir dire, and a proposed verdict form.  Thirty (30) days before the Joint Proposed Pretrial Order is due, both parties shall exchange exhibit lists, witness lists, deposition designations, and, for the issues on which a party bears the burden of proof, issues of fact and law to be litigated.  Fifteen (15) days before the Joint Proposed Pretrial Order is due, defendant shall, in turn, provide to plaintiffs any comments on plaintiffs' draft pretrial order, proposed jury instructions, proposed voir dire, and verdict form, as well as the information defendant proposes to include in the proposed pretrial order.  Fifteen (15) days before the Joint Proposed Pretrial Order is due, both parties shall exchange objections to exhibit lists, objections to deposition designations, and deposition counter-designations.  The parties shall file with the Court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order by or before the close of business on April 2, 2007.

9.       **Motions in Limine.**  No party shall file more than ten (10) motions in limine. Opening briefs on motions in limine shall be served and filed on or before March 22, 2007. Answering briefs shall be served and filed on or before March 29, 2007.  Reply briefs shall be

served and filed on or before April 2, 2007.  Opening and answering briefs shall not exceed five

(5) pages and reply briefs shall not exceed three (3) pages.

        10.    **Trial.**  This matter is scheduled for a 10 day jury trial beginning at 9:00 a.m. on

May 28, 2007.  The Court shall make a final determination regarding trial format, including

whether to bifurcate trial issues, at the Pretrial Conference as set forth in the transcript of the

Rule 16 Scheduling Conference conducted on December 5, 2005.

        11.    **Scheduling.**  The parties shall contact Chambers, at (302) 573-6470, only in

situations where scheduling relief is sought, and only then when ALL participating counsel are

on the line for purposes of selecting a new date.

 

 

_____

United States District Judge

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DYSON, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civ. No. 06-654-GMS** |
| | ) | |
| **MAYTAG CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>SCHEDULING ORDER</u>

This ____ day of _____, 2006, the Court having conducted a Rule 16

Scheduling Conference pursuant to Local Rule 16.2(b) on _____,

and the parties having determined after discussion that the matter cannot be resolved at

this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

**1.**     **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties,

they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)

on or before November 23, 2006.

**2.**     **Dyson's Preliminary Injunction Motion**.  Maytag's answering brief to

Dyson's preliminary injunction motion is due December 22, 2006.  Dyson may file a

reply brief no later than January 19, 2006.  The Court will advise the parties as to whether

and when argument or a hearing will be held on the motion.  This paragraph supersedes

the schedule of dates and submissions pertaining to Dyson's preliminary injunction

motion that is set forth in the Scheduling Order entered by Judge Cote on September 20,

2006.

**3.**     **Joinder of Other Parties and Amendment of Pleadings.**  All motions to

join other parties and amend the pleadings shall be filed on or before December 1, 2006.

**4.**      **Discovery:**  All discovery in this case shall be initiated so that it will be completed on or before February 23, 2007.

      **a.**      **Fact Discovery.**  Fact discovery in this case shall be initiated so that it will be completed on or before February 23, 2007.

      **b.**      **Expert discovery.**  Expert discovery in this case shall be initiated so that it will be completed on or before April 20, 2007.

      **c.**      **Expert Reports.**  Opening expert reports on issues for which a party bears the burden of proof shall be served on opposing counsel on or before March 2, 2007.  Responsive expert reports shall be served on opposing counsel on or before March 30, 2007.  The last day for depositions of experts shall be April 20, 2007.

      **d.**      **Interrogatories.**   Each side is limited to a total of 15 interrogatories including sub-parts, absent further agreement or Order of this Court.

      **e.**      **Depositions.**   Each side shall be allowed to take 10 (10) depositions of seven (7) hours each, not including depositions of experts.  The parties agree that one expert witness deposition, of not more than seven (7) hours duration, may be conducted for each expert.  Absent agreement by the parties, either party may seek additional time for depositions from the Court if necessary.

      **f.**      **Discovery Disputes.**  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2)

pages outlining the issues in dispute.   Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a TWO PAGE LETTER, exclusive of exhibits, describing the issues in contention.   The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than TWO PAGES.   The party seeking relief may then file a reply letter of no more than TWO PAGES within three (3) days from the date of service of the answering letter.

**5.     Confidential Information and Papers Filed Under Seal.**     Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order.   When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(f).**

**6.     Settlement Conference.**     Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

**7.     Case Dispositive Motions.**   All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before May 4, 2007.   Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.   Any such agreement shall be in writing

and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

8.      **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion, filed via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.      **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

10.     **Pretrial Conference.**  On _____, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.

Motions in limine: No party shall file more than five (5) motions in limine. Briefs (opening and answering) on all motions in limine shall not exceed five (5) pages. Opening in limine briefs shall be due on or before _____ and answering in limine briefs shall be due on or before _____.  The parties shall file with the court the joint proposed final pretrial order with the information required by the form

of Final Pretrial Order which accompanies this Scheduling Order on or before

_____.

    **11.**    **Trial.**  This matter is scheduled for a ___ (__) day jury trial beginning at

9:00 a.m. on _____ __, 2007.

    **12.**    **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only

in situations where scheduling relief is sought and only then when ALL participating

counsel is on the line for purposes of selecting a new date.


                                  _____

                                  The Honorable Gregory M. Sleet
                                  United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DYSON, INC.,                            :      06 CIV. 6576 (DLC)
                                        :
                    Plaintiff,          :      SCHEDULING ORDER
                                        :
        -v-                             :
                                        :
MAYTAG CORPORATION,                     :      ┌──────────────────────────┐
                                        :      │ USDC SDNY                │
                    Defendant.          :      │ DOCUMENT                 │
                                        :      │ ELECTRONICALLY FILED     │
----------------------------------------X      │ DOC #: _____ │
                                               │ DATE FILED: _9-21-06_    │
DENISE COTE, District Judge:                   └──────────────────────────┘

        As set forth at the pretrial conference held on September
18, 2006, the following schedule shall govern the further conduct
of pretrial proceedings in this case:

        IT IS HEREBY ORDERED that the defendant having filed a
motion to transfer, plaintiff's opposition shall be served by
**September 29, 2006** and defendant's reply shall be served by
**October 6, 2006.**

        IT IS FURTHER ORDERED that at the time any Reply is served
the moving party shall supply two courtesy copies of all motion
papers to Chambers by delivering them to the Courthouse Mailroom,
8th Floor, United States Courthouse, 500 Pearl Street, New York,
New York.

        IT IS FURTHER ORDERED that, on consent of the parties,
discovery taken in either the Delaware action or this action may
be used in either case.

        IT IS FURTHER ORDERED that defendant's memorandum in
opposition to the motion for a preliminary injunction shall be
due by **October 13, 2006.**

        IT IS FURTHER ORDERED that discovery for the preliminary
injunction hearing shall be completed by **December 4, 2006.**

        On **December 8, 2006**, by **5:00 p.m.**, the following documents
are to be submitted:

1.    Proposed Findings of Fact and Conclusions of Law.

2.    All direct testimony shall be by affidavit, except for
      testimony of an adverse party, a person whose attendance
      must be compelled by subpoena, or a witness for whom a party
      has requested and the Court has agreed to hear the direct
      testimony at hearing.  The affidavits shall be served, **but
      not filed.**

3.  Those portions of depositions that are being offered as substantive evidence, along with a one page synopsis (with transcript citations) of such testimony for each deposition.

4.  Memorandum of law.

5.  Counsel will provide the Court, by delivery directly to Chambers, with two (2) courtesy copies of all these documents at the time they are served, as well as one set of hearing exhibits, pre-marked and assembled sequentially I) in a looseleaf binder, or ii) in separate manila folders labeled with the exhibit numbers and placed in a suitable container or box for ready reference.

6.  By **December 11, 2006**, counsel for each party shall submit a list of all affiants that he or she intends to cross-examine at the hearing. Affiants for whom such notice is not given are not required to be present at the hearing.

7.  By **December 13, 2006,** any Reply memorandum of law must be received by the Court.

IT IS FURTHER ORDERED that the final prehearing conference is scheduled for **December 15, 2006** at **9 a.m.** in Courtroom 11B, 500 Pearl Street.

IT IS FURTHER ORDERED that the preliminary injunction hearing will begin at on **December 18, 2006** at **9:30 a.m.**

IT IS FURTHER ORDERED that the following procedures shall govern the conduct of the hearing.

1.  All exhibits must be pre-marked.

2.  At the start of the hearing each party will present the Court with three copies of a complete exhibit list.

3.  Counsel should make certain that they have custody of all original exhibits, including the affidavits composing the direct testimony. The Court does not retain them and the Clerk is not responsible for them.

SO ORDERED:

Dated:    New York, New York
          September 20, 2006

_____
DENISE COTE
United States District Judge

# EXHIBIT
# E

4636boyer061109roughdraft

1

```
 1                    ROUGH DRAFT
 2                RUSSELL H. BOYER, JR.
 3               Thursday, November 9, 2006.
 4                    MR. CRUM:  Today is November 9th,
 5     2006.  We're on the record at 8:08 a.m.  This        08:10:04
 6     is the videotape deposition of Russell H.
 7     Boyer, Jr., in the matter of Dyson Technology
 8     Limited and Dyson, Inc., versus Maytag
 9     Corporation in the U.S. District Court,
10     District of Delaware, held at 400 First           08:10:16
11     National Tower, Akron, Ohio.
12                    Deposition noticed by Richard
13     Pepperman of Sullivan & Cromwell.  The
14     videographer is Shaun Crum of Rennillo
15     Reporting, the reporter is Denise Munguia of       08:10:28
16     Rennillo Reporting, address 100 Erieview Tower,
17     1301 East 9th Street, Cleveland, Ohio 44114.
18                    Will counsel please state
19     appearances for the record?
20                    MR. PEPPERMAN:  Rick Pepperman from   08:10:41
21     Sullivan & Cromwell on behalf of the
22     plaintiffs.
23                    MR. COLE:  Christopher Cole from
24     Manatt Phelps on behalf of the plaintiffs.
25                    MR. WEBER:  Ray Weber from Renner     08:10:49
```

4636boyer061109roughdraft

3     Q.   Do you recall any specific

4   improvements Mr. Harsh suggested be made to the

5   cyclonic unit or dirt cup of the Fusion?    14:07:59

6     A.   No.

7        MR. PEPPERMAN:  I don't have any

8   further questions.  We can take a break so

9   Chris can switch over.

10       MR. CRUM:  Going off the record at   14:08:15

11   2:06 p.m.

12     (Discussion had off the record.)

13       MR. CRUM:  Back on the record at

14   2:14 p.m.

15    EXAMINATION OF RUSSELL H. BOYER, JR.    14:15:57

16   BY MR. COLE:

17     Q.   Mr. Boyer, I'm Chris Cole.  We met

18   before.  I'm also representing Dyson.  I'm with

19   the law firm of Manatt Phelps, and the reason

20   for the division here is that, in general, our   14:16:06

21   firm has been handling the the issues

22   associated with the counterclaims regarding

23   false advertising brought by Maytag against

24   Dyson; do you understand that?

25     A.   Yes.           14:16:18

173

1     Q.   And I'm not here to ask you any

2   questions relating to the second case, the case

3   brought by Dyson against Hoover and Maytag

4   relating to the Fusion, specifically the false

4636boyer061109roughdraft

```
 5    advertising case regarding the loss of suction.    14:16:31
 6    I just wanted to let you know that.
 7              There may be questions that
 8    overlap, but my purpose here today is to ask
 9    you about the counterclaims that were brought
10    by Maytag against Dyson.                           14:16:42
11              I just want to touch on a couple of
12    questions that were asked previously before
13    because I had some additional questions
14    relating to that.  I understand that before
15    today's deposition, you met for approximately     14:16:55
16    twelve hours over two days with outside counsel
17    for Maytag; is that correct?
18         A.   Approximately, yes.
19         Q.   And with whom did you meet on those
20    two days?                                          14:17:08
21         A.   Ray, Tony and Lisa.
22         Q.   Were the, were the days split up,
23    for example, one day with Ray and then another
24    day with Tony and Lisa?
25         A.   Yes.                                     14:17:23
```

174

```
 1         Q.   On what days did you meet with
 2    them?
 3         A.   Monday and Wednesday of this week.
 4         Q.   Of this past week?  And on Monday,
 5    with whom did you meet?                            14:17:33
```

# EXHIBIT
# F

# manatt

manatt | phelps | phillips

**Christopher A. Cole**
Manatt, Phelps & Phillips, LLP
Direct Dial: (202) 585-6524
E-mail: CCole@Manatt.com

September 13, 2006

USM5P
SDNY

Client-Matter: 27699-061

**BY HAND**

The Honorable Denise Cote
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    **Dyson, Inc. v. Maytag Corporation, No. 06-CV-6576 (DLC)**

Dear Judge Cote:

    We represent plaintiff Dyson, Inc. and are responding to the letter of September 11, 2006, addressed to your attention by counsel for Maytag Corporation.

    Maytag's letter asks that the Court permit it to defer response to Dyson's Motion for Preliminary Injunction while the Court considers Maytag's later-filed Motion to Transfer Venue to the United States District Court for the District of Delaware. Should the Court grant Maytag's Motion to Transfer Venue, of course, any further proceedings on Dyson's Motion for Preliminary Injunction would be left to the Delaware court. As a consequence, there is no good reason to defer briefing on Dyson's Motion for Preliminary Injunction until after the Motion to Transfer Venue is decided. Regardless of which court ends up with the case, the preliminary injunction issues will need to be briefed. The preliminary injunction proceeding need not be stayed, and can and should proceed while the venue motion is pending.

    Because Dyson intends to oppose Maytag's Motion for Transfer of Venue in due course, we will not rehash those arguments here. Nevertheless, we would like to rebut some unfortunate mischaracterizations in Maytag's letter relating to the relationship between the claims in this case and those already pending before Judge Sleet of the U.S. District Court for the District of Delaware.

    First, the only false advertising claims raised in the Delaware litigation were filed by Maytag against Dyson, and relate to Dyson's products, not Maytag's. There are no false advertising claims lodged by Dyson against the Hoover Fusion or Maytag Legacy in Delaware. The Maytag Legacy is not at issue in that case whatsoever.

    Second, Dyson's complaint before this Court challenges a single, non-comparative advertising claim – "No Loss of Suction" – made for both the Maytag Legacy and Hoover

# manatt
manatt | phelps | phillips

Hon. Denise Cote
September 13, 2006
Page 2

Fusion products. The advertising giving rise to this dispute was the subject of a National Advertising Division ("NAD") challenge, conducted in New York, that concluded in Dyson's favor during early August 2006. Maytag did not comply with the NAD decision, which is what brought Dyson to this Court.

Third, this Court should know that the Delaware case is already far advanced. The parties will commence depositions within a matter of days, and fact discovery is scheduled to close on November 1, 2006. It is uncertain whether the Delaware court would accept consolidation of the separate claims in this case with those already pending before it, even if both parties asked it to do so. As Maytag asserts it needs discovery to defend against the preliminary injunction motion, consolidation would cause serious disruption to the Delaware court's pretrial schedule and possibly also its already calendared trial date.

If the Delaware court denies consolidation for this reason, Dyson would potentially be left with a separate, unconsolidated action before the Delaware court. Under these circumstances, transferring the case while permitting Maytag to defer briefing of the preliminary injunction motion until a future date uncertain would effectively deny Dyson' Motion for Preliminary Injunction without ever reaching the merits.

Dyson respectfully requests that Maytag be held to the briefing schedule set out by the current rules, and that each motion be decided in due course.[1] Regardless of which court ultimately decides the case, it will undoubtedly benefit from receiving a fully briefed Motion for Preliminary Injunction.

Respectfully yours,

*Christopher A. Cole /JKS*

Christopher A. Cole
Manatt, Phelps & Phillips, LLP

cc:     Steven F. Reich, Esq.
Anthony DiSarro, Esq.
Stephen P. Durchslag, Esq.

30191067.1

[1] In this regard, we note an error in the dates set forth in Maytag's letter to you. Under the rules, Dyson has until September 25, 2006, to respond to Maytag's motion.

# EXHIBIT
# G

**Lucy N. Jarrell**

| | |
|---|---|
| **From:** | DiSarro, Anthony [ADisarro@winston.com] |
| **Sent:** | Thursday, October 12, 2006 5:15 PM |
| **To:** | Christopher Cole (E-mail) |
| **Cc:** | Durchslag, Stephen; Rothstein, Ronald; Frank DiGiovanni |
| **Subject:** | Transferred Action |

Chris, further to our telephone conversation today, I have conferred with my colleagues in Chicago and write to advise you that we will be continue to abide by the schedule set by Judge Cote, until Judge Sleet rules otherwise, including serving a memorandum of law tomorrow regarding Dyson's pending motion for a preliminary injunction. As Judge Cote's Scheduling Order plainly contemplates, the memorandum to be served tomorrow does not constitute the entirety of Maytag's opposition to Dyson's motion.  It is intended, to use Judge Cote's words, to assist in framing the issues.  Maytag also has the right, pursuant to Judge Cote's Order and the agreement reached among Steve Durchslag, myself, Steve Reich and you on September 18, 2006, to serve and file declarations from expert witnesses on November 15, 2006, affidavits from fact witnesses and exhibits on December 8, and additional memoranda of law on December 8 and 13.

This will confirm that you agreed that Dyson will not take the position that the brief to be filed tomorrow constitutes, or should be deemed, the entirety of Maytag's response or opposition to Dyson's motion.

Please let me know immediately if you disagree with any of the foregoing.

Tony

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.