IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON, INC.,                          )
                    Plaintiff,        )
                                      )
v.                                    )        Civil Action No. 06-CV-654-GMS
                                      )
MAYTAG CORPORATION,                   )
                                      )
                    Defendant.        )

## PLAINTIFF'S RULE 30(B)(6)
## NOTICE OF DEPOSITION TO DEFENDANT

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6),

Plaintiff Dyson, Inc. will take the deposition upon oral examination of Defendant Maytag

Corporation through one or more of its officers, directors, managing agents, employees or other

persons designated to testify on its behalf, with respect to each of the following subject matters

set forth in "Attachment A" hereto.

The deposition will take place under oath and before a duly authorized notary public, or

other person authorized by law to administer oaths.  The deposition will be recorded by

videographic and/or stenographic means.  The deposition will take place at Crowne Plaza Quaker

Square, 135 South Broadway Street, Akron, Ohio 44308 on February 27, 2007, at 10:00 a.m., or

at such other date and time as the parties may mutually agree, and shall continue from day to day

thereafter until concluded.

You are requested to produce the witnesses at the agreed time and indicated place and are invited to attend.

Dated: February 6, 2007                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                                 By: _____
                                                     C. Barr Flinn (No. 4092)
                                                     John W. Shaw (No. 3362)
                                                     Karen E. Keller (No. 4489)
                                                     The Brandywine Building
                                                     1000 West Street, 17th Floor
                                                     Wilmington, Delaware 19801
                                                     (302) 571-6600

                                                 OF COUNSEL:

                                                 Chad S. Hummel, Esq.
                                                 Kathrin A. Wanner, Esq.
                                                 MANATT, PHELPS & PHILLIPS, LLP
                                                 11355 West Olympic Boulevard
                                                 Los Angeles, CA  90064
                                                 (310) 312-4000

                                                 *Attorneys for Plaintiff Dyson*

## ATTACHMENT A

## DEFINITIONS

1. "ASTM" means ASTM International.

2. "Dyson" refers to the plaintiff in this action.

3. "Hoover" refers to The Maytag Corporation and/or The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

4. "IEC" means the International Electrotechnical Commission.

5. "Maytag" refers to The Maytag Corporation and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## DEPOSITION TOPICS

1. Substantiation for any and all advertising and marketing claims made by Hoover or Maytag regarding the Hoover Fusion vacuum cleaner, including any and all substantiation of claims (and/or qualifiers of those claims) that those vacuum cleaners have "no loss of suction" or that either vacuum "cleans carpet better than Dyson."

2. Substantiation for any and all advertising and marketing claims made by Hoover or Maytag regarding the Maytag Legacy vacuum cleaner, including any and all substantiation of claims (and/or qualifiers of those claims) that those vacuum cleaners have "no loss of suction" or that either vacuum "cleans carpet better than Dyson."

3. The testing and test results of the ASTM International F558 (or F608) of the Hoover Fusion vacuum cleaner and the Maytag Legacy vacuum cleaner.

1

4.  Information related to the accuracy, validity, reliability, repeatability, reproducibility, benchmarking, or measurement error or any testing process or procedure used in any testing of the Hoover Fusion or Maytag Legacy vacuum cleaners sold in the United States.

5.  The person(s) working at Maytag responsible for substantiating Maytag's advertising claims, how the person(s) makes these assessments, and any policies, procedures or guidelines related to how the person(s) makes these assessments.

6.  Maytag's or Hoover's response – including, but not limited to, any changes or adjustments in Maytag's marketing, sales, or advertising policies or strategies – to the National Advertising Division of the Council of Better Business Bureaus ("NAD") April 2006 decision regarding Maytag's claim of "No Loss of Suction."

7.  Maytag's or Hoover's response – including, but not limited to, any changes or adjustments in Maytag's marketing, sales, or advertising policies or strategies – to the NAD's August 2, 2006 compliance decision citing Maytag's failure to discontinue the "No Loss of Suction" claim.

8.  The total annual sales, profit and loss statements and analysis, revenue analysis and projections, and income generated from the sale of Hoover and/or Maytag vacuum cleaners sold in the United States since 2001.

9.  Techtronic Industries Co. Ltd.'s ("TTI") acquisition of assets comprising the Hoover Floor-Care business from subsidiaries of Whirlpool Corporation ("Whirlpool"), including, but not limited to, (a) the post-acquisition corporate structure related to the ownership of the manufacturing, distribution, and marketing entities responsible for the Hoover Fusion and Maytag Legacy vacuum cleaners; (b) the entity that has post-acquisition financial responsibilities for pre-acquisition liabilities, if any, arising out of advertising claims; and (c)  any and all

2

obligations "assumed" by TTI in connection with the transaction relating in any way to Hoover or Maytag vacuum cleaner advertising or marketing activities (including any liability that may arise out of this lawsuit).

10. Disclosures to TTI made by Maytag, Hoover, and/or Whirlpool regarding litigation with Dyson.

11. The corporate relationship between Maytag and Hoover during the time period that Maytag owned Hoover.

12. The corporate relationship between Whirlpool and Hoover during the time period that Whirlpool owned Hoover.

41081386.2

3

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on February 6, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, Delaware 19801

I further certify that on February 6, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL AND FIRST CLASS MAIL

>Anthony DiSarro, Esquire
>WINSTON & STRAWN LLP
>200 Park Avenue
>New York, NY 10166

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>*Karen E. Keller*
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>Adam W. Poff (No. 3990)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com

>*Attorneys for Dyson, Inc.*