IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MAYTAG CORPORATION,<br><br>        Defendant. | Civil Action No.: 06-654-GMS |

**JOINT STATUS REPORT**

Pursuant to the Court's Notice of Scheduling Conference, Fed. R. Civ. P. 16, and Local Rule 16.2(b), Plaintiff Dyson, Inc. ("Dyson") and Defendant Maytag Corporation[1] respectfully submit this Joint Status Report in anticipation of the March 15, 2007 Scheduling Conference.

**I.     JURISDICTION AND SERVICE**

The Court has jurisdiction over the subject matter of this action as well as over all the parties to this action. Plaintiff filed its Complaint in the United States District Court for the Southern District of New York, and served Defendant with the Complaint on September 5, 2006. On September 7, 2006, Plaintiff moved for a preliminary injunction on its claims. This action was transferred to this Court pursuant to an Opinion and Order dated October 11, 2006, issued by the United States District Court for the Southern District of New York. On November 6, 2006, Defendant filed its Answer and Affirmative Defenses.

---

[1] As discussed more fully in Section VII, at the time this lawsuit was filed Defendant Maytag Corporation owned The Hoover Company, which was engaged in the design, manufacture and sale of Hoover brand vacuum cleaners. Effective January 31, 2007, The Hoover Company transferred to various unrelated entities substantially all of its assets and liabilities relating to the floorcare business, including all rights and liabilities associated with this litigation. Accordingly, the parties will enter into a stipulation joining the acquiring parties, who now have an interest in this litigation, to this action for the claims raised in the operative Complaint (and who will collectively be referred to hereinafter as "Defendant.").

**II.  SUBSTANCE OF THE ACTION**

    **A.  Plaintiff Dyson's Complaint**

Plaintiff Dyson has asserted claims against Defendant for violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and New York General Business Law §§ 349-350. The allegations are based on what Plaintiff contends are false and misleading advertising and promotion by Defendant: specifically, that the Hoover Fusion and Maytag Legacy upright vacuum cleaners marketed and sold as of the date the operative Complaint was filed (1) provide "no loss of suction"; and (2) have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust.

    **B.  Defendant's Defenses**

Defendant has answered the Complaint and denied each of Plaintiff's material allegations. In addition, Defendant has raised the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) Plaintiff has not been damaged by the Defendant's advertising claims at issue; (3) Defendant's "no loss of suction" claim is adequately qualified and substantiated as it specifically states "no loss of suction up to 10 ounces of dirt"; (4) Defendant's advertising claims are further qualified by its claim that its vacuums out clean Plaintiff's vacuums; and (5) based on principles of equity, Plaintiff should be estopped from claiming that "no loss of suction" advertising claims are false and misleading as these same claims are central to Plaintiff's advertising.

**III.  IDENTIFICATION OF ISSUES**

The following **factual** issues are in dispute with regard to Plaintiff Dyson's Complaint:

(1)  whether Defendant has made and continues to make false and misleading claims that Maytag Legacy upright vacuum cleaners provide "no loss of suction";

(2)  whether Defendant has made and continues to make false and misleading claims

that Hoover Fusion upright vacuum cleaners provide "no loss of suction";

(3)     whether Defendant has made and continues to make false and misleading claims that Maytag Legacy upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust;

(4)     whether Defendant has made and continues to make false and misleading claims that Hoover Fusion upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust;

(5)     whether the claims that Hoover Fusion upright vacuum cleaners provide "no loss of suction" are adequately substantiated;

(6)     whether the claims that Maytag Legacy upright vacuum cleaners provide "no loss of suction" are adequately substantiated;

(7)     whether the claims that Hoover Fusion upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust are adequately substantiated;

(8)     whether the claims that Maytag Legacy upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust are adequately substantiated;

(9)     whether the claims that Hoover Fusion upright vacuum cleaners provide "no loss of suction" have been adequately qualified;

(10)    whether the claims that Maytag Legacy upright vacuum cleaners provide "no loss of suction" have been adequately qualified;

(11)    whether the claims that Hoover Fusion upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up

to 10 ounces of dirt or dust have been adequately qualified;

(12) whether the claims that Maytag Legacy upright vacuum cleaners have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust have been adequately qualified;

(13) whether any of Defendant's advertisements alleged to be false and misleading are material to decisions of U.S. consumers regarding the purchase of an upright vacuum cleaner;

(14) whether any of Defendant's advertisements alleged to be false and misleading express opinions and not facts;

(15) whether any of Defendant's advertisements alleged to be false and misleading have the tendency to deceive a substantial segment of U.S. consumers of upright vacuum cleaners;

(16) whether Plaintiff has suffered any damage as a result of any of Defendant's advertisements alleged to be false and misleading;

The following **legal** issues are in dispute with regard to Dyson's Complaint:

(1) whether Defendant's advertising claims constitute material false and misleading descriptions of fact and material false and misleading representations of fact in interstate commercial advertising and promotion, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(2) whether Defendant's advertising claims violate New York General Business Law §§ 349-350;

(3) whether Plaintiff's claims should be barred in whole or in part by the doctrine of unclean hands;

(4)    whether Plaintiff's claims should be barred in whole or in part by the doctrine of laches.

## IV.    NARROWING OF ISSUES

In this case, Plaintiff seeks a Preliminary Injunction to enjoin Defendant from making "no loss of suction" advertising claims relating to the Hoover Fusion and Maytag Legacy vacuums that were marketed and sold as of the time the operative Complaint in this case was filed. Since this case was filed, Defendant has stopped manufacturing Hoover Fusion and Maytag Legacy vacuums. This should substantially narrow the issues to be considered relating to Plaintiff's motion for preliminary injunction. As a consequence, the parties intend to meet and confer about whether any injunctive relief is appropriate in light of Defendant's representation in this regard.

Additionally, the parties will continue to work in good faith to attempt to narrow the issues in this case. The parties also contemplate that future motions for summary judgment or partial summary judgment may help to narrow the issues before the Court.

## V.    RELIEF

Plaintiff seeks preliminary and permanent injunctions enjoining Defendant from stating or communicating any claims that the Hoover Fusion or Maytag Legacy vacuum cleaners: (1) provide "no loss of suction"; (2) have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust.

Plaintiff further seeks money damages, including statutory treble and other applicable damages under both 15 U.S.C. § 1117 (Section 35 of the Lanham Act) and New York General Business Law §§ 349-350, as well as Plaintiff's costs and disbursements in this action (including reasonable attorneys' fees and costs). With regard to money damages, Plaintiff cannot estimate the amount with precision at this time, particularly without discovery from Maytag. Dyson's

5

review of its damages is ongoing, and it will provide a more detailed damages calculation in the future through reports and evidence of expert witnesses.

## VI. AMENDMENT OF PLEADINGS

The parties agree that all motions to amend their pleadings shall be filed on or before March 29, 2007.

## VII. JOINDER OF PARTIES

The parties agree that all motions to join additional parties shall be filed on or before March 29, 2007. Because Defendant Maytag Corporation, which owned The Hoover Company at the time this case was filed, has subsequently transferred to various unrelated entities substantially all of its assets and liabilities relating to the floorcare business, including all rights and liabilities associated with this litigation, Defendant will seek to join new parties who now have an interest in this litigation. These parties are Hoover Company I LP, Hoover General LLC, Hoover Limited LLC and Hoover, Inc.

## VIII. DYSON'S PENDING MOTION FOR PRELIMINARY INJUNCTION

Dyson filed a preliminary injunction motion on September 7, 2006, during the time that this case was pending in the District Court for the Southern District of New York. The Court in New York has established a briefing and hearing schedule on that Motion. This Court confirmed, during the telephonic hearing of December 7, 2006, that the New York court's briefing and hearing schedule was no longer operative. (Transcript at 38-39.) At the present time, the parties are unable to agree on a briefing schedule for the motion before this Court.

Dyson wishes to have a determination made on the preliminary injunction motion, which has been delayed for several months due to the transfer of this action, at the earliest possible time. Accordingly, Dyson proposes that Maytag's final opposition to Dyson's preliminary

6

injunction motion shall be due on March 29, 2007, and Dyson's reply brief in support of the preliminary injunction motion shall be due on April 9, 2007.

Maytag proposes that its opposition to Dyson's preliminary injunction motion shall be due on April 30, 2007 and Dyson's reply brief in support of the preliminary injunction motion shall be due on May 31, 2007.

## IX. DISCOVERY [2]

### A. Subject Matter

Plaintiff intends to take discovery concerning at least the following subject areas:

(1) communications by and between Defendant and others regarding the Hoover Fusion and Maytag Legacy, as well as the advertising claims at issue in the Complaint;

(2) computation and bases for damages;

(3) information provided to and/or relied upon by experts retained by Defendant pertaining to this matter;

(4) marketing, sales and financial information concerning Defendant's vacuum cleaners sold in the United States;

(5) profits earned by Defendant and/or sales lost by Plaintiff as a result of Defendant's sales of vacuum cleaners sold in the United States;

(6) diagrams, photographs, testing results and analyses of the suction of the Hoover Fusion and Maytag Legacy sold in the United States;

---

[2] Defendant's position is that discovery in this case should not be used in the Dyson I litigation, which is scheduled for trial in May 2007. This is consistent with Court's ruling in Dyson I that discovery related to Maytag's advertising claims should not be part of the Dyson I suit. (See December 7, 2006 Tr. at 46-52). Plaintiff responds to this issue as follows: Dyson has no intention of circumventing this Court's Order and intends to conduct discovery in Dyson II to support its claims in this case. Similarly, Defendant should be precluded from using discovery it obtained in Dyson I in connection with its defense of the claims in Dyson II. However, should discovery in Dyson II reveal information or testimony that would be relevant, admissible evidence in Dyson I, Dyson reserves that right to seek to introduce it under the Federal Rules of Evidence at or before trial. In other words, it is Dyson's position that relevant, admissible evidence should not be precluded in Dyson I simply because it was unearthed in this litigation.

(7) market shares for vacuum cleaners sold in the United States, including but not limited to vacuum cleaners sold by Plaintiff and Defendant;

(8) documents, information or data relied on by Defendant in opposing Plaintiff's motion for a preliminary injunction;

(9) the advertising claims that are the subject of Plaintiff's Complaint and alleged damages;

(10) the positioning or proposed positioning in the U.S. marketplace for the Hoover Fusion and/or Maytag Legacy upright vacuum cleaners;

(11) the nature and substance of any substantiation, scientific or otherwise, which Defendant claims to have for the advertising claims at issue in Plaintiff's Complaint;

(12) the sufficiency and applicability to U.S. consumers of the various suction testing standards used to measure the suction power of upright vacuum cleaners; and

(13) the nature and substance of any testing, scientific or otherwise, regarding the effect of advertising claims at issue in Plaintiff's Complaint on U.S. consumers of upright vacuum cleaners.

Defendant intends to take discovery concerning at least the following general subject areas:

(1) the basis of Plaintiff's claim that Defendant's "no loss of suction" advertising claims related to the Maytag Legacy and Hoover Fusion are not sufficiently substantiated by test results;

(2) the basis of Plaintiff's claim that "no loss of suction" advertising claims for the Hoover Fusion and Maytag Legacy, which specifically state "no loss of suction *up to 10 ounces of dirt* " are not sufficiently qualified and substantiated;

(3) whether Defendant's advertising claims are further qualified by its claim that its vacuums out clean Plaintiff's vacuums.

(4) the basis of Plaintiff's claim that "no loss of suction" advertising claims for the Hoover Fusion and Maytag Legacy vacuums are literally false;

(5) the basis of Plaintiff's claim that "no loss of suction" advertising claims for the Hoover Fusion and Maytag Legacy vacuums are impliedly false;

(6) whether any of Defendant's advertisements alleged to be false and misleading are material to decisions of U.S. consumers regarding the purchase of an upright vacuum cleaner;

(7) the basis of Plaintiff's claim that consumers were misled by "no loss of suction" advertising claims for the Hoover Fusion and Maytag Legacy vacuums;

(8) the basis for Plaintiff's claim that the statement "Vacuum Cleaner Suction Tests Do Not Represent Carpet Cleaning Ability" is false and misleading;

(9) the basis for Plaintiff's claim that it has been damaged by "no loss of suction" advertising claims for the Hoover Fusion and Maytag Legacy; and

(10) the computation and basis for any damages alleged by Plaintiff

Further, Maytag notes that Plaintiff's Complaint does not seek damages, but instead an accounting of Maytag's gains, profits, savings and advantages realized by its alleged false advertising. Thus, discovery related to damages should be limited to an accounting.

**B.** **Schedule**

The parties exchanged their Rule 26(a) initial disclosures on February 20, 2007.

The parties are not able to agree on an appropriate pre-trial schedule and ask that the Court decide the issues framed below at the scheduling conference. The following chart sets forth the parties' respective positions:

| EVENT | PLAINTIFF'S PROPOSED DATE | DEFENDANT'S PROPOSED DATE |
|---|---|---|
| Joint Protective Order | March 22, 2007 | March 22, 2007 |
| Fact Discovery Cut-Off | July 31, 2007 | November 30, 2007 |
| Expert Reports (Party Bearing the Burden of Proof on Claim) | August 31, 2007 | December 30, 2007 |
| Answering Expert Reports | September 30, 2007 | January 31, 2008 |
| Expert Discovery Cut-Off | October 31, 2007 | February 28, 2008 |

In addition, defendant has proposed that deposition discovery in this matter not commence until June 28, 2007. Plaintiff does not believe there is any basis for delaying deposition discovery in this case.

### C.  Limitations

#### 1.  Interrogatories

The parties agree to adhere to the limitation on the number of interrogatories set forth in FRCP Rule 33(a).

#### 2.  Depositions

The parties agree to adhere to the limitation on the number and duration of depositions set forth in FRCP Rule 30.

## X.  CASE DISPOSITIVE MOTIONS

Deadlines for filing all case dispositive motions will be determined in accordance with applicable FRCP, Local Rules, and the Scheduling Order in this action.

## XI.  ESTIMATED TRIAL LENGTH

Plaintiff estimates that a trial of this matter will take seven (7) court days and proposes that the trial commence on or about December 15, 2007, or such date that might be selected by the Court.

Maytag estimates that a trial of this matter will take five (5) days and proposes that the trial commence on a date, after close of discovery and dispositive motion practice, to be selected by the Court.

The parties will endeavor in good faith to reduce the length of trial, if possible, by stipulation or other means.

## XII. JURY TRIAL

The parties have requested a trial by jury.

## XIII. SETTLEMENT

The parties have discussed settlement and will continue to discuss settlement as appropriate. They currently, however, do not see prospects for early settlement. The parties nevertheless agree that this case should be referred to the United States Magistrate pursuant to 28 U.S.C. § 636 for the purpose of exploring the possibility of a settlement. The parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients. If Magistrate Judge Thynge is not available, the parties agree to explore the possibility of utilizing private mediation to facilitate settlement.

## XIV. STATEMENT THAT COUNSEL HAVE CONFERRED

Counsel for the parties have conferred about each of the agenda items set forth in the Court's Notice of Scheduling Conference.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| /s/ *Monté T. Squire* | /s/ *Francis DiGiovanni* |
| C. Barr Flinn (No. 4092) | Francis DiGiovanni (No. 3189) |
| John W. Shaw (No. 3362) | The Nemours Building |
| Monté T. Squire (No. 4764) | 1007 N. Orange St. |
| The Brandywine Building | Wilmington, DE 19801 |
| 10000 West Street, 17th Floor | (302) 658-9141 |
| Wilmington, DE 19801 | fdigiovanni@cblh.com |
| (302)571-6600 | |
| msquire@ycst.com | *Attorneys for Defendant Maytag Corporation* |
| *Attorneys for Plaintiff Dyson, Inc.* | |
| | OF COUNSEL: |
| OF COUNSEL: | |
| | Kimball R. Anderson |
| Chad Hummel | Stephen P. Durschlag |
| Kathrin Wanner | Winston & Strawn |
| MANATT, PHELPS & PHILLIPS, LLP | Chicago, IL 60601 |
| 11355 W. Olympic Blvd. | (312) 558-6600 |
| Los Angeles, CA 90064 | kanderson@winston.com |
| (310)312-4000 | sdurschlag@winston.com |
| chummel@manatt.com | |
| kwanner@manatt.com | |

Dated: March 8, 2007