IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON, INC.,

               Plaintiff,

      v.

MAYTAG CORPORATION,

               Defendant.

Civil Action No.: 06-654-GMS

## STATUS REPORT

At the scheduling conference for the above-referenced matter held on March 15, 2007, the parties agreed to endeavor, within the seven days following the conference, to reach a private resolution of Dyson's preliminary injunction motion and to then report to Your Honor as to the results of those efforts. (*See* Sched. Conf. Tr. 39:18-20, March 15, 2007) (attached hereto as Ex. A.) This is plaintiff's report to Your Honor on those efforts.

As Your Honor will recall, at the Scheduling Conference counsel for Maytag argued that Dyson's preliminary injunction motion is moot because Maytag is no longer manufacturing the vacuums at issue in the case and will cease to make the advertising claims at issue in the case after April of 2007. Counsel for Dyson explained that the motion is not moot because the false advertising conduct is still ongoing and, without an injunction in place, Maytag would be free to make identical claims in the future. Counsel for Dyson suggested that, given Maytag's representations, the parties enter into a stipulated injunction or a binding settlement agreement that would restrict Maytag from making the claims in the future. In direct conversations between counsel and in discussions before the Court at the scheduling conference, Maytag made it clear that it would

not enter into a stipulated injunction but that a private settlement agreement would be acceptable, subject to specific terms. During a break in the conference, counsel reached a general understanding of the terms of such a settlement. The parties agreed to spend one week attempting to reach a final agreement. (*See* Sched. Conf. Tr. 34:19-36:2, March 15, 2007) (Ex. A.)

Subsequent to the Scheduling Conference, on March 20, 2007, Dyson sent a draft limited settlement agreement to Maytag for its consideration. The proposal memorialized in the draft agreement was consistent with the general terms discussed and agreed to among the parties at the scheduling conference. After Court hours on March 23, 2007, the date the parties were to provide the Court with a report regarding the settlement efforts, Maytag's counsel sent a letter to counsel for Dyson refusing to engage in any substantive discussion regarding a private resolution of the motion and simply reiterating Maytag's position that the issue is moot. As such, Maytag has wholly reneged on its representation to the Court and to counsel for Dyson that it would attempt in good faith to resolve the matter and, as a result, has caused further delay in this case.

As a result of Maytag's refusal to discuss resolution of the preliminary injunction motion, Dyson has no alternative but to proceed with its motion and to request that Your Honor order that Maytag make a witness available in response to Dyson's previously-served Rule 30(b)(6) deposition notice. As counsel for Dyson articulated at the conference, Dyson should be permitted to take this deposition to obtain information relevant to the preliminary injunction motion, including the current status of the products and claims at issue in this case.

Further, Dyson should be permitted to take the 30(b)(6) deposition in order to determine which parties are proper defendants to this action, given the recent corporate restructuring involving the entities manufacturing the vacuums at issue in this case. Although on March 22, 2007, in the related action between the parties, Techtronic Industries Co., Ltd. ("TTI") made a witness available

2

regarding, among other things, TTI's acquisition of certain floor care assets from the Maytag entities, that witness was unable to identify which entity or entities acquired the liabilities relating to this case. Furthermore, Maytag has provided no documentation to Dyson disclosing this information. As a result, Dyson is unable to reach any stipulation with Maytag regarding the addition of parties to this action or to file or respond to motions to add parties to the litigation. The current deadline for filing such motions is March 29, 2007, and, as such, an extension on that deadline may be necessary so that Dyson may obtain the testimony and documents necessary to evaluate this issue.

As stated at the Scheduling Conference, Dyson will limit voluntarily the length of this deposition to three hours in order to minimize any burden on Maytag.

Given these unresolved issues, Dyson respectfully requests that the Court set a telephonic status conference at the Court's earliest convenience.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
10000 West Street, 17th Floor
Wilmington, DE 19801
(302)571-6600
msquire@ycst.com
*Attorneys for Plaintiff Dyson, Inc.*
OF COUNSEL:
Chad Hummel
Kathrin Wanner
MANATT, PHELPS & PHILLIPS, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 312-4000

Dated: March 26, 2007

3

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that March 26, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on March 26, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL AND FIRST CLASS MAIL**

> Anthony DiSarro, Esquire
> WINSTON & STRAWN LLP
> 200 Park Avenue
> New York, NY 10166

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Dyson, Inc.*

# EXHIBIT A

1

```
 1                IN THE UNITES STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                        -   -   -

 4    DYSON, INC.,                  :        Civil Action
                                    :
 5              Plaintiff,          :
                                    :
 6         v.                       :
                                    :
 7    MAYTAG CORPORATION,           :
                                    :
 8              Defendant.          :        No. 06-654-GMS

 9                        -   -   -

10                      Wilmington, Delaware
                       Thursday, March 15, 2007
11                         9:30 a.m.
                           Conference
12                        -   -   -

13

14    BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

15    APPEARANCES:

16          JOHN W. SHAW, ESQ., and
            MONTE T. SQUIRE, ESQ.
17          Young Conaway Stargatt & Taylor, LLP
                      -and-
18          CHAD S. HUMMEL, ESQ., and
            KATHRIN WANNER, ESQ.
19          Manatt, Phelps & Phillips, LLP
            (Los Angeles, CA)
20
                            Counsel for Plaintiff
21
            FRANCIS DiGIOVANNI, ESQ.
22          Connolly Bove Lodge & Hutz LLP
                      -and-
23          ANTHONY DiSARRO, ESQ., and
            STEPHEN P. DURCHSLAG, ESQ.
24          Winston & Strawn
            (Chicago, IL)
25
                            Counsel for Defendant
```

1          MR. SHAW:  I haven't been in the New York part

2    of the case, but I read those papers.  I think I understand

3    what happened.  When the preliminary injunction issue went

4    before the Judge in New York, Maytag argued the urgent need

5    to take discovery and won that issue.  And depositions were

6    actually scheduled by both sides to occur in October on the

7    issues for the preliminary injunction and the papers were to

8    be refined on both sides leading up to the hearing.

9          When the case got transferred, the depositions

10   were pulled off the calendar at that point in time.  But the

11   plan was, the argument was for Maytag and accepted by Judge

12   Cote in New York that discovery and depositions were

13   important and were permissible on the preliminary

14   injunction, that then got scheduled, pulled off because of

15   the transfer.

16         So we are back to that same position we were in

17   in New York with the anticipation and argument frankly from

18   Maytag that they needed the discovery.  Now we are several

19   months down the road.  Of course, we also want to get those

20   papers refined and make sure we have the right issues if we

21   aren't able to resolve this, and I shouldn't leave that to

22   the side.  From what our talking was, there may be a good

23   way to get this done in seven days, figure out a resolution

24   of preliminary injunction issues.  If not, we are not asking

25   for three days of depositions.  Three hours.  If Maytag

35

1   would like a Dyson person to come the U.S., we will do it.

2           MR. DURCHSLAG:  Rather than decide this issue at

3   this time, because it might very well be moot --

4           THE COURT:  That is where I was going.  Go

5   ahead.

6           MR. DURCHSLAG:  I suggest we attempt to meet

7   within seven days.  If we are not able to handle it, we will

8   come back to the Court.

9           THE COURT:  I was going to punt a little bit,

10  just like you suggested.  I am very much hearing what you

11  are saying about the issue of fairness.  I know Mr. Shaw and

12  I suspect I know other counsel, Mr. Squire, as well as

13  counsel here, you are all human beings, like me, so I

14  appreciate the concerns.

15          I think that is a good suggestion.  Let's see

16  what happens during the seven days.  There is certainly a

17  lot of incentive to try to resolve this within that time.

18          You said private, you are going to go -- how

19  were you going to do that?

20          MR. SHAW:  To reach a private resolution.  Not

21  an order and injunction entered by the Court.  A settlement.

22          THE COURT:  Would the intervention of a

23  neutral -- are you contemplating the intervention of a

24  neutral?

25          MR. HUMMEL:  We are not at this time, Your

36

1   Honor.

2              MR. DURCHSLAG:  No, Your Honor.

3              THE COURT:  We need to -- we have got a cutoff

4   for the filing of case-dispositive motions at 9/30.  We have

5   a trial date of 12/3.  I need to do a little math here.

6   This is a jury trial.  Right?  There was a difference of

7   view I think of two days as to how long it would take to try

8   the case.  Is that right?  I have got five days there.

9              MR. DiSARRO:  Five days is fine.

10             I am trying to find a date for our pretrial

11  conference.  Let's set, we will set it for 1:00 on Tuesday,

12  November the 20th.

13             MR. SHAW:  Your Honor, is that Thanksgiving week

14  by chance?

15             THE COURT:  It is.  I hesitate to do that.

16             MR. SHAW:  Mr. Hummel had a question.

17             THE COURT:  That's Tuesday.

18             MR. HUMMEL:  We will make it work.

19             THE COURT:  It's an awful day.  I actually have

20  a Markman I am doing in the morning.

21             MR. HUMMEL:  Travel from Los Angeles is very

22  difficult.

23             THE COURT:  You are coming from LA.

24             MR. HUMMEL:  I will make it work.

25             THE COURT:  All right.  Let us know if there is

 1    couldn't hear argument and decide at the time, because if I

 2    know -- if you can flag that in advance, actually, that

 3    would be helpful, in advance of the pretrial order due date,

 4    the 14th, that is.

 5            So we will set this down for jury trial for five

 6    days on December the 3rd.  I think we have all our dates.

 7    So I am going to impose, Mr. Shaw, on plaintiff to prepare

 8    this schedule.

 9            MR. SHAW:  I don't know if we had a joinder of

10    parties date.

11            THE COURT:  We didn't.  Is that going to be an

12    issue in this case?

13            MR. HUMMEL:  It will be.  March 29 was the date

14    we set in the joint statement.

15            MR. DiSARRO:  That is right.  We are prepared,

16    absent agreement, to file by that date a motion to add the

17    proper Hoover entities.

18            THE COURT:  I would appreciate a report in

19    writing as to the results on or before the seventh day as to

20    what the outcome is.

21            MR. HUMMEL:  We will do that, Your Honor.

22            THE COURT:  So, then, discovery issues are

23    raised with the Court, you have three opportunities to do

24    this with me, by the simple device of notification to the

25    Court by telephone.  And that should be joint or someone