# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DYSON, INC.,                         )
                                     )
                    Plaintiff,       )
          v.                         )
                                     )          C.A. No. 06-654-GMS
MAYTAG CORPORATION,                  )
                                     )
                    Defendant.       )
                                     )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE of the attached subpoena directed to Royal Appliance

Manufacturing Company.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: April 5, 2007

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern DISTRICT OF Ohio

| | |
|---|---|
| Dyson, Inc. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Maytag Corporation | Case Number:[1] 06-CV-654-GMS |
| | District of Delaware |

TO: Royal Appliance Manufacturing Company
7005 Cochran Road, Glenwillow, Ohio 44139

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Aptara (Rey Ramos) c/o Complete Ohio Process Service 15710 Huntmere Ave., Cleveland , OH  44110 / (800) 441-4107 | April 27, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*                    Attorney for Plaintiff, Dyson, Inc. | April 3, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kathrin A. Wanner, Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard, Los Angeles, CA  90064 (310) 312-4000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                    DATE                                    SIGNATURE OF SERVER

                                                       _____
                                                       ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

Attachment "A" to Subpoena in a Civil Case
Dyson, Inc. v. Maytag Corporation
United States District Court-District of Delaware Case No. 06-CV-654-GMS

## DEFINITIONS

A.     "Concerning" means directly or indirectly mentioning, constituting, discussing or describing, relating to, pertaining to or being connected with a stated subject matter or any aspect thereof.

B.     "Document" has the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer disks, tapes or databases (including electronic files and e-mail), or otherwise reproduced.  "Document" also includes all drafts and copies that are not identical to the original.

C.     "Dyson" refers to plaintiff Dyson, Inc. and all of its parents, subsidiaries, and affiliates, and includes all officers, employees, agents, representatives, contractors or consultants of those entities.

D.     "Maytag" refers to defendant Maytag Corporation and all of its subsidiaries, affiliates, divisions, joint ventures, and successors in interest, and includes all officers, employees, agents, representatives, contractors or consultants of those entities, as well as all advertising agencies, marketing firms and testing or research firms retained by Maytag for work on vacuum cleaners sold in the U.S. since January 1, 2000.

E.    "Hoover" refers to The Hoover Company and all of its parents, subsidiaries, affiliates, divisions, joint ventures, and successors in interest and includes all officers, employees, agents, representatives, contractors or consultants of those entities, as well as all advertising agencies, marketing firms and testing or research firms retained by Hoover for work on vacuum cleaners sold in the U.S. since January 1, 2000.

F.    "TTI" refers to Techtronic Industries Company, Ltd. and all of its parents, subsidiaries, affiliates, divisions, joint ventures, and successors in interest and includes all officers, employees, agents, representatives, contractors or consultants of those entities.

## INSTRUCTIONS

A.    Documents should be produced as they are kept in defendant's files or shall be organized and labeled to correspond with the requests below.  If documents are produced as they are kept in defendant's files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within defendant's files.

B.    All drafts of responsive documents, as well as non-identical copies, should be produced.  Identical copies of a document that is being produced need not also be produced.

C.    In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or gender neutral pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or"

shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

D.    If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addresses, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

E.    This document request shall be deemed continuing as provided in the Federal Rules of Civil Procedure so as to require further and supplemental production if additional documents called for by this request are obtained by Maytag between the time of the initial request and the time of trial.

## DOCUMENTS REQUESTED

1.    All documents concerning the substantiation for the claim, referring to the Hoover Windtunnel 2 vacuum cleaner: "cleans carpets better than any leading brand."

2.    All documents concerning the substantiation for the claim, referring to the Hoover Windtunnel 2 vacuum cleaner: "self cleaning HEPA filter."

3.    All documents concerning the substantiation for the claim, referring to the Hoover Self-Propelled Windtunnel Bagless vacuum cleaner, that it: "picks up 56% more dirt from your carpet than Dyson."

4.    All documents concerning the substantiation for the claim, referring to the Vax VX-3 vacuum cleaner, that: "VAX has more suction than Dyson."

5.    All documents concerning the substantiation for the claim, referring to the Vax VX-5 vacuum cleaner, that: "VAX has more suction than Dyson."

6.    All documents concerning the substantiation for the claim, referring to the Dirt Devil Reaction Dual Cyclonic vacuum cleaner, that it has: "Superior suction power that lasts."

7.    All documents concerning the substantiation for the claim, referring to the Dirt Devil Reaction All Surface vacuum cleaner, that it has: "Superior Suction Power that lasts."

8.    All documents concerning the substantiation for the claim, referring to the Royal Powercast Series vacuum cleaner, that: "Each Powercast was designed with a patented dirt path – one that is shorter, wider and located in the center of the nozzle – for more suction power than any other 12 amp upright vacuum cleaner."

9.    All documents concerning Hoover's decision to cease manufacturing the Hoover Fusion upright vacuum cleaner.

10.    All documents concerning Maytag's decision to cease manufacturing the Maytag Legacy upright vacuum cleaner.

11.    All documents concerning Hoover's decision to cease using the "no loss of suction" claim for Hoover's upright vacuum cleaners.

12.    All documents concerning Maytag's decision to cease using the "no loss of suction" claim for Maytag's upright vacuum cleaners.

13.    All documents concerning the value of the Hoover assets sold to TTI.

14.    All documents concerning the value of the Maytag assets sold to TTI.

15.    All documents identifying the persons or business entities that participated in any valuation of the Hoover assets sold to TTI.

16.    All documents identifying the persons or business entities that participated in any valuation of the Maytag assets sold to TTI.

17.    All documents concerning TTI's acquisition of assets comprising the Hoover Floor-Care business from subsidiaries of Whirlpool Corporation.

18.    All due diligence documents concerning TTI's acquisition of Hoover's assets and liabilities.

19.    All due diligence documents concerning TTI's acquisition of Maytag's assets and liabilities.

20.    All documents concerning any communications with the Federal Trade Commission concerning Hoover's compliance with the National Advertising Division of the Better Business Bureau's ("NAD") April 6, 2006 case decision.

21.  All documents concerning any communications between Hoover and the NAD concerning Dyson's challenge of advertising claims made by Hoover for the Windtunnel and Fusion upright vacuum cleaners initiated by Dyson on July 29, 2005.

22.  All documents Hoover will rely upon at trial to support its assertion that its advertising claims are substantiated.

23.  All documents concerning communications by or among Hoover employees about the performance testing of the Hoover Fusion vacuum cleaner.

24.  All documents concerning communications by or among Maytag employees about the performance testing of the Maytag Legacy vacuum cleaner.

25.  All documents sent to third parties concerning the performance testing of the Hoover Fusion vacuum cleaner.

26.  All documents sent to third parties concerning the performance testing of the Maytag Legacy vacuum cleaner.

27.  All documents received from third parties concerning the performance testing of the Hoover Fusion vacuum cleaner.

28.  All documents received from third parties concerning the performance testing of the Maytag Legacy vacuum cleaner.

29.  All documents concerning the truthfulness of the claim, referring to the Hoover Windtunnel 2 vacuum cleaner: "cleans carpets better than any leading brand."

30.    All documents concerning the truthfulness of the claim, referring to the Hoover Windtunnel 2 vacuum cleaner: "self cleaning HEPA filter."

31.    All documents concerning the truthfulness of the claim, referring to the Hoover Self-Propelled Windtunnel Bagless vacuum cleaner, that it: "picks up 56% more dirt from your carpet than Dyson."

32.    All documents concerning the truthfulness of the claim, referring to the Vax VX-3 vacuum cleaner, that: "VAX has more suction than Dyson."

33.    All documents concerning the truthfulness of the claim, referring to the Vax VX-5 vacuum cleaner, that: "VAX has more suction than Dyson."

34.    All documents concerning the truthfulness of the claim, referring to the Dirt Devil Reaction Dual Cyclonic vacuum cleaner, that it has: "Superior suction power that lasts."

35.    All documents concerning the truthfulness of the claim, referring to the Dirt Devil Reaction All Surface vacuum cleaner, that it has: "Superior Suction Power that lasts."

36.    All documents concerning the truthfulness of the claim, referring to the Royal Powercast Series vacuum cleaner, that: "Each Powercast was designed with a patented dirt path – one that is shorter, wider and located in the center of the nozzle – for more suction power than any other 12 amp upright vacuum cleaner."

37.    All documents from April 6, 2006 to the present, concerning the substantiation of the claims that are the subject of the NAD's April 6, 2006 case decision, referring to the Hoover Fusion vacuum cleaner.

38.    All documents from April 6, 2006 to the present, concerning the substantiation of the claims that are the subject of the NAD's April 6, 2006 case decision, referring to the Maytag Legacy vacuum cleaner.

39.    All documents from July 29, 2005 to the present, concerning the substantiation of the claims that are the subject of Dyson's NAD challenge of advertising claims made by Hoover initiated on July 29, 2005, referring to the Hoover Fusion vacuum cleaner.

40.    All documents from July 29, 2005 to the present, concerning the substantiation of the claims that are the subject of Dyson's NAD challenge of advertising claims made by Hoover initiated on July 29, 2005, referring to the Maytag Legacy vacuum cleaner.

41098458.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that April 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on April 5, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL AND FIRST CLASS MAIL

> Anthony DiSarro, Esquire
> WINSTON & STRAWN LLP
> 200 Park Avenue
> New York, NY 10166

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Dyson, Inc.*