IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 06-654-GMS |
| MAYTAG CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Dyson, Inc. ("Dyson") hereby moves for a preliminary injunction enjoining Defendants Maytag Corporation, Hoover, Inc. and The Hoover Co. I LP, (collectively, "Defendants") their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, from making false claims that the Hoover Fusion™ and/or Maytag Legacy™ provide "No Loss of Suction," requiring Maytag to sticker or otherwise remove false claims before making its remaining shipments of the products at issue, and requiring Maytag to take commercially-reasonable steps to remove false claims from inventory and displays currently in the retail channel and from retail websites. As set forth in detail in Dyson's moving papers, Maytag's conduct – if not preliminarily enjoined – will cause irreparable harm to Dyson, as Dyson sells products that compete directly with the upright vacuum cleaners at issue. All of the bases of this motion are set forth in Dyson's

Opening Brief in support of its motion and supporting papers, filed herewith. A proposed Order setting forth the relief requested by Dyson is attached hereto for the Court's convenience.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Chad S.C. Stover
        C. Barr Flinn (No. 4092)
        John W. Shaw (No. 3362)
        Chad S.C. Stover (No. 4919)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600
        cstover@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Chad S. Hummel
Kathrin A. Wanner
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

*Attorneys for Plaintiff Dyson, Inc.*

Dated: April 18, 2007

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, hereby certify that on April 18, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on April 12, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ C. Barr Flinn
_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. 06-654-GMS |
| MAYTAG CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**[PROPOSED] ORDER**

**WHEREAS**, plaintiff Dyson, Inc. ("Dyson") has moved for a preliminary injunction, enjoining defendant Maytag Corporation ("Maytag") from dissemination of false and misleading advertisements, and

**WHEREAS**, the Court has considered the parties' submissions,

**IT IS HEREBY ORDERED** that:

1. Dyson's motion for a preliminary injunction is GRANTED.

2. Pending final judgment in this action, Defendants Maytag Corporation, Hoover, Inc. and The Hoover Co. I LP, (collectively, "Defendants") their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are enjoined from stating or communicating, directly or indirectly, by words or visual images, in any advertising, packaging, promotional materials or promotional activities for the Hoover Fusion™ ("Fusion") or Maytag Legacy™ ("Legacy") upright residential vacuum cleaners that:

   (1) The Fusion or Legacy provide "No Loss of Suction," or

   words of substantially similar meaning or import; and

  (2) The Fusion or Legacy have been shown by testing under the ASTM F558 standard to have constant suction, or no loss of suction up to 10 ounces of dirt or dust.

3. Defendants shall remove or cover by sticker the "No Loss of Suction" claims, or any words of substantially similar meaning or import, from any planned shipments to retailers of Fusion or Legacy vacuums after the date of this Order.

4. Within 20 days of entry of this Order, Defendants their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall:

  (1) Remove or cover by sticker on all packaging for the Fusion and Legacy upright residential vacuum cleaners any words or visual images that state or otherwise communicate that the Fusion and Legacy upright residential vacuum cleaners have "No Loss of Suction;" and

  (2) Remove all displays, including in-store displays, that state or otherwise communicate that the Fusion and Legacy upright residential vacuum cleaners have "No Loss of Suction."

5. Defendants shall take commercially reasonable steps to ensure that the "No Loss of Suction" claims for the Fusion and Legacy upright residential vacuum cleaners is removed from all retail and re-sale websites within 20 days of the date of this Order.

6. Within 45 days of entry of this Order, Defendants shall file with this Court and serve on counsel for Plaintiff a sworn written statement, setting forth in detail and including exhibits demonstrating the manner and form in which Defendant has complied with this Order.

**IT IS SO ORDERED**

Dated: _____, 2007

_____
Gregory M. Sleet
United States District Judge