**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**Francis DiGiovanni**
Partner

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL fdigiovanni@cblh.com
REPLY TO Wilmington Office

April 20, 2007

*VIA ELECTRONIC FILING*
The Honorable Gregory M. Sleet
United States District Court
 for the District of Delaware
844 N. King Street
Room 2124, Lockbox 19
Wilmington, Delaware 19801

Re: *Dyson, Inc. v. Maytag Corp.,* Civ. No. 06-654-GMS

Dear Judge Sleet:

I write on behalf of defendant Maytag Corporation in response to Dyson's letter dated April 18, 2007. That letter was purportedly filed as a request for oral argument pursuant to Local Rule 7.1.4 (something prohibited by Paragraph 8 of the Scheduling Order (D.I. 51)), yet the letter in reality moves the Court for an expedited briefing and hearing schedule that would contravene the schedule already agreed to by the parties and ordered by the Court. For the following reasons, Dyson's letter motion should be denied.

Most importantly, what Dyson is essentially saying is that the conduct about which it complains will have ceased by the time its preliminary injunction motion will be fully submitted. It is an odd situation where a plaintiff argues that the looming cessation of accused activity actually gives rise to an urgent need to consider an application for preliminary injunction relief. To the contrary, the fact that Maytag has substantially wound down—and will soon (within 10 days) cease—its accused activity is a fact that urges a withdrawal or denial of the preliminary injunction motion. Dyson's persistence in its efforts to enjoin activity that will self-cease has been nothing but a waste of judicial, attorney, and client resources.

In addition, Dyson's argument that Maytag is responsible for delaying Dyson's preliminary injunction motion is contravened by the record. The responsibility for the delay falls squarely on *Dyson's* shoulders. It was *Dyson* who decided to forum-shop and file its case in the Southern District of New York, presumably because Second Circuit law (unlike Third Circuit law) does not strictly require a showing of irreparable harm. Dyson knew that this Court had already ruled that Dyson could not show irreparable harm due to Maytag's allegedly improper

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Gregory M. Sleet
April 20, 2007
Page 3

sales of Fusion vacuum cleaners, so it tried to avoid this Court and its governing Third Circuit law. Dyson's botched filing in the Southern District of New York, and the resulting transfer, naturally delayed the case. Moreover, after the case was transferred to this Court, Dyson never re-briefed it under Third Circuit law and to address this Court's prior decision denying preliminary injunction relief pertaining to the same products, something that Dyson has acknowledged as necessary. *See* Transcript of Scheduling Conference dated March 15, 2007, at 12:13-23. Instead, Dyson's motion sat dormant in an unusable form for months. Only Dyson is to blame for the delay.

Dyson's creative arrangement of transcript snippets and interrogatory responses does not show that Maytag misrepresented the status of the Fusion and Legacy vacuums, and does not favor expediting the proceedings. At the most recent conference with the Court, held on March 29, 2007, Maytag accurately represented that sales of the Fusion vacuum cleaner "have wound down or are winding down." Transcript of Hearing dated March 29, 2007, at 9:10. Maytag's recent responses to Dyson's special interrogatories confirm this: only 1,200 Fusion models remained in Maytag's inventory as of March 30, 2007, out of a total of 107,000 manufactured. Manufacturing has ceased, and Maytag has stated that it will not make sales after April 30, 2007 (ten (10) calendar days from today) that bear or contain the disputed advertising claim. Similarly, as for the Legacy model, Maytag stated that the last shipment having the disputed claims would be made in April 2007 (March 15, 2007 Tr. at 4:18-21). This is confirmed by Maytag's interrogatory responses, which confirm that Maytag will not make such sales after April 30, 2007. Accordingly, Dyson has been accurately informed of the status of the accused products, and cannot claim "surprise" by the information contained in Maytag's special interrogatory responses.

Supporting to the appropriateness of the current preliminary injunction schedule is the fact that Dyson proposed, Maytag accepted, and the Court entered a briefing schedule on April 12, 2007—*only one week ago*. The schedule required Dyson to file its preliminary injunction brief (citing Third Circuit law this time) on or before April 20, 2007. Dyson did that, filing and serving its brief and voluminous appendix after hours (indeed, after 10:00 p.m.) on April 18, 2007. The Court-ordered briefing schedule further requires Maytag to file its answering brief by May 4, 2007, thus giving Maytag a short two-week timeframe to review Dyson's brief and supporting materials (which Dyson had months to prepare), prepare an answering brief, arrange and obtain declarations from knowledgeable persons as necessary, and file the materials with the Court. Maytag submits that getting all of these tasks done by May 4th is already a formidable assignment—especially in light of the fact that Maytag's counsel in this case is also trial counsel in the other *Dyson v. Maytag* case, Civ. No. 05-434-GMS, in which the pretrial conference is scheduled for May 1st and the Court has recently ordered a new series of depositions in London due to Dyson's late document production in that case.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Gregory M. Sleet
April 20, 2007
Page 3

      Accordingly. Maytag respectfully opposes Dyson's letter motion for a further expedited briefing and hearing schedule.

Respectfully submitted,

*/s/ Francis DiGiovanni*

Francis DiGiovanni

FD/drk

cc:    Clerk of the Court (by electronic filing)
        John W. Shaw, Esquire (by hand delivery and e-mail)
        Chad S. Hummel, Esquire (by U.S. mail and e-mail)
        Stephen P. Durchslag, Esquire (by e-mail)
        Anthony DiSarro, Esquire (by e-mail)

534530