IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., | ) | |
| | ) | |
|       Plaintiff, | ) | |
|    v. | ) | Civil Action No. 06-654-GMS |
| | ) | |
| MAYTAG CORPORATION, | ) | |
| HOOVER COMPANY 1, LP, and | ) | |
| HOOVER, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
|       Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO DYSON'S FIRST AMENDED COMPLAINT**

Now comes Defendants Maytag Corporation, Hoover Company 1, LP, and Hoover, Inc. ("Hoover"), by and through its undersigned counsel, and advances the following Answer and Affirmative Defenses to the Complaint filed herein.

## ANSWER

## INTRODUCTION

1.    Hoover denies the allegations set forth in paragraph 1 of the Complaint, except admits that both Maytag and The Hoover Company were owned by Whirlpool Corporation. Hoover also admits that subsequent to the filing of the Complaint and motion for preliminary injunction in this case, substantially all of the assets and liabilities of the Hoover Company were sold to a newly formed corporation called Hoover, Inc. and to entities owned by Hoover, Inc., including Hoover General LLC, Hoover Limited LLC, and the Hoover Company 1, LP.

2.    Hoover is without information as to the truthfulness of the allegation set forth in paragraph 2 of the Complaint and therefore denies the allegation.

3.     Hoover denies the allegations set forth in paragraph 3 of the Complaint, except admits that Hoover manufactures and markets the Hoover Fusion™ ("Fusion") and the Maytag Legacy™ ("Legacy") upright vacuum cleaners.

4.     Hoover denies the allegations set forth in paragraph 4 of the Complaint.

5.     Hoover denies the allegations set forth in paragraph 5 of the Complaint and avers that the product packaging speaks for itself.

6.     Hoover denies the allegations set forth in paragraph 6 of the Complaint.

7.     Hoover denies the allegations set forth in paragraph 7 of the Complaint and respectfully refers to the NAD opinion that speaks for itself.

8.     Hoover denies the allegations set forth in paragraph 8 of the Complaint.

9.     Hoover denies the allegations set forth in paragraph 9 of the Complaint.

10.    Hoover denies the allegations set forth in paragraph 10 of the Complaint.

11.    Hoover denies the allegations set forth in paragraph 11 of the Complaint, except admits that Dyson seeks to prevent Hoover from claiming that the Fusion and Legacy upright vacuum cleaners have "No Loss of Suction."

## JURISDICTION AND VENUE

12.    Hoover admits the allegations set forth in paragraph 12 of the Complaint.

13. Hoover denies the allegations set forth in paragraph 13 of the Complaint, except admits that it does business in this district, and that the vacuums at issue are sold at Home Depot and Wal-Mart stores nationwide.

## THE PARTIES

14. Hoover is without information as to the truthfulness of the allegations set forth in paragraph 14 of the Complaint and therefore denies the allegations.

15. Hoover denies the allegations set forth in paragraph 15 of the Complaint, except admits that Hoover is a corporation organized and existing under the laws of the State of Delaware and is engaged in the design, manufacture, marketing, and sale of, among other things, "Hoover" and "Maytag" brand vacuum cleaners.

16. Hoover admits the allegations set forth in paragraph 16 of the Complaint.

17. Hoover denies the allegations set forth in paragraph 17 of the Complaint, except that Hoover, Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business located at 7005 Cochran Road, Glenwillow, Ohio 44139.

18. Hoover admits the allegations set forth in paragraph 18 of the Complaint.

19. Hoover admits the allegations set forth in paragraph 19 of the Complaint.

20. Hoover admits the allegations set forth in paragraph 20 of the Complaint.

## HOOVER'S FALSE AND MISLEADING
## ADVERTISING AND PROMOTIONAL MATERIALS

21.     Hoover denies the allegations set forth in paragraph 21 of the Complaint, except admits that it claims "No Loss of Suction" on product packaging, its website, and on the products themselves.

22.     Hoover denies the allegations set forth in paragraph 22 of the Complaint.

23.     Hoover denies the allegations set forth in paragraph 23 of the Complaint.

24.     Hoover denies the allegations set forth in paragraph 24 of the Complaint.

25.     Hoover denies the allegations set forth in paragraph 25 of the Complaint.

26.     Hoover denies the allegations set forth in paragraph 26 of the Complaint.

27.     Hoover denies the allegations set forth in paragraph 27 of the Complaint.

28.     Hoover denies the allegations set forth in paragraph 28 of the Complaint.

29.     Hoover denies the allegations set forth in paragraph 29 of the Complaint.

30.     Hoover denies the allegations set forth in paragraph 30 of the Complaint.

31.     Hoover denies the allegations set forth in paragraph 31 of the Complaint, and respectfully refers to the NAD opinion that speaks for itself.

32.     Hoover denies the allegations set forth in paragraph 32 of the Complaint, and respectfully refers to the NAD opinion that speaks for itself.

33. Hoover denies the allegations set forth in paragraph 33 of the Complaint.

34. Hoover is without information as to the truthfulness of the allegations set forth in paragraph 34 of the Complaint and therefore denies the allegations.

35. Hoover denies the allegations set forth in paragraph 35 of the Complaint.

36. Hoover denies the allegations set forth in paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION
### (Lanham Act Violation)

37. Hoover repeats the answers set forth in paragraphs 1-36 above, as though fully set forth in this paragraph.

38. Hoover denies the allegations set forth in paragraph 38 of the Complaint, except admits that it sells the Fusion and the Legacy upright vacuum cleaners in interstate commerce.

39. Hoover denies the allegations set forth in paragraph 39 of the Complaint.

40. Hoover denies the allegations set forth in paragraph 40 of the Complaint.

41. Hoover denies the allegations set forth in paragraph 41 of the Complaint.

42. Hoover denies the allegations set forth in paragraph 42 of the Complaint.

43. Hoover denies the allegations set forth in paragraph 43 of the Complaint.

## SECOND CAUSE OF ACTION
## (New York General Business Law §§ 349 and 350)

44.     Hoover repeats the answers set forth in paragraphs 1-43 above, as though fully set forth in this paragraph.

45.     Hoover denies the allegations set forth in paragraph 45 of the Complaint.

46.     Hoover denies the allegations set forth in paragraph 46 of the Complaint.

47.     Hoover denies the allegations set forth in paragraph 47 of the Complaint.

48.     Hoover denies the allegations set forth in paragraph 48 of the Complaint.

49.     Hoover denies the allegations set forth in paragraph 49 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred because they are moot. Hoover no longer manufactures or advertises the products in question.

3.     Plaintiff's claims are barred by the doctrine of unclean hands. Dyson's own conduct is inequitable and egregious. Hoover's now-ceased suction claim with respect to these two soon-to-be-discontinued vacuums was limited and qualified as to the amount of dust vacuumed and with respect to the fact that Hoover vacuums outclean Hoover's competitors. On the other hand, Dyson has made an entirely unqualified "no loss of suction" claim for years, in virtually all of its advertisements and in language that communicates a condition of permanence as to all time and space (i.e., "never loses suction, ever," "no matter how far [consumers]

6

vacuum," "room after room after room").

    4.      Plaintiff's claims are barred by the doctrine of laches.

    5.      Dyson has not been damaged by Hoover's advertisements hereunder.

    6.      Hoover's "No Loss of Suction" claim is adequately qualified and substantiated.

Respectfully submitted,

 /s/ James D. Heisman
Francis DiGiovanni (# 3189)
James D. Heisman (# 2746)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Facsimile (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Ronald Y. Rothstein
WINSTON & STRAWN
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone (312) 558-5600
Facsimile (312) 558-5700

Attorneys for Defendants

Dated: May 10, 2007

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on May 10, 2007, I caused a true and correct copy of the foregoing **Defendants' Answer and Affirmative Defenses to Dyson's First Amended Complaint** to be served by hand delivery, e-mail and CM/ECF on the below-listed counsel of record:

>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on May 10, 2007, I caused a true and correct copy of the foregoing **Defendants' Answer and Affirmative Defenses to Dyson's First Amended Complaint** to be served by e-mail and U.S. mail on the below-listed counsel of record:

>Chad S. Hummel
>Kathrin A. Wanner
>Manatt Phelps & Phillips, LLP
>11355 West Olympic Boulevard
>Los Angeles, CA 90064

>Christopher A. Cole
>Manatt, Phelps & Phillips, LLP
>700 12th Street, N.W.
>Washington, DC 2005

>Steven F. Reich
>Jeffrey S. Edelstein
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>>>*/s/ James D. Heisman*
>>>James D. Heisman (# 2746)

538319