IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., | ) | |
|                 Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-654-GMS |
| | ) | |
| MAYTAG CORPORATION, | ) | |
| HOOVER COMPANY 1, LP, and | ) | |
| HOOVER, INC., | ) | |
| | ) | |
|                 Defendants. | ) | |

**NOTICE OF DEPOSITION OF DANIEL MILLER**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiff Dyson, Inc. will take the deposition upon oral examination of Daniel Miller.

The deposition will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The deposition will be recorded by videographic and/or stenographic means. The deposition will take place at The Crowne Plaza Hotel, 135 South Broadway, Akron OH 44308 on July 2, 2007, at 10:00 a.m., or at such other date and time as the parties may mutually agree, and shall continue from day to day thereafter until concluded.

Additionally, pursuant to Federal Rule of Civil Procedure 30(b)(5), it is requested that Mr. Miller produce all documents responsive to the requests set forth in Attachment A at the time of the taking of the deposition.

You are requested to produce the witnesses at the agreed time and indicated place and are invited to attend.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ _____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

OF COUNSEL:

Chad S. Hummel, Esq.
Kathrin A. Wanner, Esq.
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
(310) 312-4000

*Attorneys for Plaintiff Dyson, Inc.*

Dated: May 24, 2007

2

## ATTACHMENT A
## DEFINITIONS

A. "Concerning" means directly or indirectly mentioning, constituting, discussing or describing, relating to, pertaining to or being connected with a stated subject matter or any aspect thereof.

B. "Document" has the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer disks, tapes or databases (including electronic files and e-mail), or otherwise reproduced. "Document" also includes all drafts and copies that are not identical to the original.

C. "Dyson" refers to plaintiff Dyson, Inc. and all of its parents, subsidiaries, and affiliates, and includes all officers, employees, agents, representatives, contractors or consultants of those entities.

D. "Hoover" refers to defendants Maytag Corporation, Hoover, Inc. and Hoover Company 1, L.P. as well as all of their parents, subsidiaries, affiliates, divisions, joint ventures, and successors in interest and includes all officers, employees, agents, representatives, contractors or consultants of those entities, as well as all advertising agencies, marketing firms and testing or research firms retained by Hoover for work on vacuum cleaners sold in the U.S. since January 1, 2000.

E. "You" or "Your" shall mean of or relating to Daniel Miller.

## INSTRUCTIONS

A. Documents should be produced as they are kept in your files or shall be organized and labeled to correspond with the requests below. If documents are produced as they are kept in

your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within your files.

B.   All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

C.   In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or gender neutral pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

D.   If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addresses, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## DOCUMENTS REQUESTED

1.   All documents concerning the substantiation for Hoover's "No Loss of Suction" claims for the Hoover Fusion and/or Maytag Legacy vacuum cleaners.

2.  All documents concerning the rationale or motivation behind Hoover's use of a "No Loss of Suction" claim in its advertising for the Hoover Fusion and/or Maytag Legacy vacuum cleaners.

3.  All documents concerning the rationale or motivation behind Hoover's decision to cease using the "No Loss of Suction" claim in its advertising for the Hoover Fusion and/or Maytag Legacy vacuum cleaners.

4.  All non-privileged documents mentioning or referring to the litigation entitled Dyson, Inc. v. Maytag Corporation et. al. bearing Case No. 06-654-GMS.

5.  All documents concerning testing of the Fusion and/or Legacy vacuum cleaners' suction abilities.

6.  All documents concerning the performance of the Fusion and/or Legacy vacuum cleaners' suction abilities.

7.  All documents concerning any communications with third parties related to the use of the "No Loss of Suction" claim for the Hoover Fusion and/or Maytag Legacy vacuum cleaners.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that May 24, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on May 24, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL AND FIRST CLASS MAIL**

> Anthony DiSarro, Esquire
> WINSTON & STRAWN LLP
> 200 Park Avenue
> New York, NY 10166

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Dyson, Inc.*